FRANK N. BOWLES *v.* LEFLORE COUNTY.

1. BOARD OF SUPERVISORS.   *Stock law.*   *Code* 1892, § 2056.   *Petition.*
   *Entire county.*   *Part of county.*

   An order of the board of supervisors, made upon a petition to have
   the stock law put in force in the entire county, is utterly void
   where it purports to put the law in force in only part of the
   county, under Code 1892, § 2056, regulating the subject.

2. SAME.   *Void order.*   *Appeal.*

   A void order of the board of supervisors, purporting to put the
   stock law in force in a part of the county, is not subject to a pro-
   ceeding for its reconsideration, at a subsequent term of the
   board, so as to give the right of appeal from a refusal to vacate
   it.

FROM the circuit court of Leflore county.

HON. A. McC. KIMBROUGH, Judge.

Bowles, the appellant, petitioned the board of supervisors of
Leflore county to reconsider and vacate an order previously
made purporting to put the stock law in force in a part of the
county. The board denied his petition, and he appealed to the
circuit court. The circuit court dismissed the proceeding,
and Bowles appealed to the supreme court.

At its April meeting, 1903, a petition was presented to the
board of supervisors of Leflore county for a general stock law
for the entire county. There was a counter petition against
extending the stock law to certain parts of the county. At that
meeting the board passed an order declaring the stock law in
force, but excepted from its operation a portion of the county.
At the October, 1903, meeting of the board, appellant and
others presented a petition praying that the order passed at the
April meeting be annulled and vacated, as being void, because
the petition upon which it had been granted was for a general
stock law for the entire county, and not the county with certain
portions excepted. The board of supervisors decided that it

had no power to alter the order entered at the April meeting, and dismissed the petition. A bill of exceptions was taken, and an appeal prosecuted to the circuit court. In the circuit court the county, by its attorneys, moved the court to dismiss the petition on the ground that the board of supervisors had no jurisdiction to consider the petition, and could not at the October meeting change an order made in April. This motion was sustained, and the cause was dismissed, and from that judgment this appeal is prosecuted.

*McClurg, Gardner & Whittington,* for appellant.

Whatever may have been the judgment of the board of supervisors upon the question, it certainly had jurisdiction of the subject, and when the circuit court dismissed the case on the ground that the board had no jurisdiction, and because the board had none the circuit court had none on appeal, that court erred. We submit, as an initial proposition, that there is no room to defend the error of the circuit court in holding that the board of supervisors had no jurisdiction to hear and determine the issue presented, and that for this patent error this cause must be reversed in order that the circuit court may decide whether an order entered granting a stock law in districts or portions of the county is responsive to a petition for a general stock law all over the county, and whether it is lawful for those living in a stock-law district of the county and enjoying its blessings or curses, as it may have proved to that district, to sign a petition to force the blessing or to inflict the curse upon those who do not desire either. Hence, we say, as to the bare question of jurisdiction, there was a clear misconception of the main issue by the circuit court in refusing to consider the points presented and concluded at the April meeting. The truth is, as the transcript discloses, there is here no sort of effort to reopen anything done in April. The legal effect of what was then done, shown upon the face of the papers, is all that the October meet-

ing was asked to consider, all that the circuit court was asked to review on appeal.

*Gwin & Mounger,* for appellee.

There was no error in the action of the circuit court in sustaining the motion to dismiss the appeal from the board of supervisors. At the April term of the board of supervisors that board examined the petitons for and against the stock law, and, after examination thereof, rendered its judgment both of fact and of law thereon.

At the April term the opponents of the stock law had their day in court, and if dissatisfied with the judgment of the board at that meeting, they should have appealed as provided by law. Code 1892, § 79. Appeal to the circuit court or a writ of *certiorari* was their only remedy. Instead of pursuing their remedy as provided by law, they waited several months, presumably for the purpose of obtaining additional signers to their petition, and then, afterwards, at the September meeting, when the people of the county had let down their fences, fenced in their pastures, and made their preparations for the stock law, about a month before the order of the board was to become effective, they present their petition for the repeal or modification of the order entered at the April meeting. This petition was considered by the board, and the board, after consideration, entered an order refusing to grant the petition.

From this order refusing to grant the September petition the appeal was taken to the circuit court. No appeal was ever taken from the April order. We submit that the board did not have authority to repeal or modify the April order at its September meeting, following.

After it had adjourned its April meeting it had no power to review, vacate, or reverse the order entered at that meeting. The April order shows affirmatively all jurisdictional facts, and the order stood like any other judgment from which no appeal had been taken. This is expressly decided by the supreme

court in the case of *Keenan* v. *Harkins,* 82 Miss., 709. In 7 Am. & Eng. Ency. Law (2d ed.), 1008, cited in *Keenan* v. *Harkins, supra,* it is stated that a board of supervisors cannot rescind such an order in the absence of fraud or imposition, and there is no suggestion of either fraud or imposition in this case. It will be borne in mind that the action of the board at its April meeting is not before the court on this appeal. No bill of exception was taken from that action, and there is no way in which the circuit court could review that action, however erroneous it may have been. *McGee* v. *Jones,* 63 Miss., 453.

CALHOON, J., delivered the opinion of the court.

The petitions to the April term, 1903, of the board, are all that the stock law be put in force in the whole county. On these, the order of the board, not appealed from, putting the law in force in the whole county, excepting a certain part of it, was void. It may be that there would have been too few petitioners, or none at all, for the law with any part excepted. Code 1892, § 2056. As to the stock law, therefore, the law remains as it was before the order, and will so continue until the board acts on the petitions, from which action an appeal will lie.

But this void order was not subject to the proceeding at the subsequent September term, 1903, by petition of a citizen to reconsider and vacate the void order of the April term, so as to give the right to an appeal from its refusal to the circuit court.

*Affirmed.*