WORD, ET AL. v. BOARD OF SUPERVISORS OF SUNFLOWER COUNTY.

[75 South. 258, Division A.]

1. ANIMALS. *Adoption of stock law.    Statute.*

Under Acts 1914, chapter 217, section 3, providing that a stock-law district cannot include both rural and municipal territory within its limits, a board of supervisors could not declare a stock law in force in a supervisor's district which embraced an incorporated town and on *certiorari* to review an order of the board of supervisors declaring a stock law in force in such a district, the circuit court had no jurisdiction to make an order declaring the law in force in the territory outside such town, where the record of the board of supervisors on which the case was tried failed to show that the petition on which the proceeding was based was signed by a majority of the resident freeholders and leaseholders outside of such town.

2. ANIMALS. *Adoption of stock law.    Petition.*

The courts have no authority to change the boundaries of a stock-law district as petitioned for, and where a proceeding to put a stock law in force was based on a petition asking that it be put in force in a supervisor's district, an order putting it in force in the part only of such district outside of an incorporated town, such order was unauthorized.

APPEAL from the circuit court of Sunflower county. HON. F. E. EVERETT, Judge.

*Certiorari* by Frank Word and others against the Board of Supervisors of Sunflower county. From a judgment for plaintiff, defendants appeal.

The facts are fully stated in the opinion of the court.

*S. F. Davis,* for appellant.

The court will bear in mind, that in declaring a stock law in the county or any part thereof, the board of supervisors exercise a special and limited jurisdiction, and unless their records affirmatively show all of the facts necessary to confer jurisdiction upon them, their order is null and void. See *Garner* v. *Webster County,* reported in 79 Miss. 565, and 31 So. 210; *Bolivar County* v. *Coleman,* 71 Miss. 832, 15 So. 107; *Lester* v. *Miller,* 76 Miss. 309, 24 So. 193; *Henry* v. *Board of Supervisors of Sunflower County,* 71 So. 742.

Before the board of supervisors could have entered a valid order in this case, the petition upon which they acted must have shown on its face that the signers of the petition were a majority of the resident freeholders or leaseholders for a term of three or more years of the territory sought to be embraced in the stock-law district; and must have shown that the territory sought to be embraced in the proposed stock-law district contained one or more townships or a part or parts of the county separated by natural boundaries or a part of two or more townships which contained not less than thirty-six square miles; and must have shown that said territory was composed entirely of rural or entirely of municipal territory. But not one single one of these facts appear in the petition filed with the board of supervisors in this case, as the court will see by reference to said petition.

Those facts are all jurisdictional facts and must have all appeared on the face of the petition itself before the board of supervisors could have acquired jurisdiction over the subject-matter.

In discussing this question in 2 Cyc., page 441, the writer says: "This petition for an order directed to the board of county commissioners should conform substantially to the requirments of the statute."

In 3 Corpus. Juris., page 177-78, the rule is stated as follows: ''The county commissioners have no authority to make an order without the statutory petition having been first duly presented to them. The petition is a jurisdictional fact, and without it no valid order can be made. The petition must conform substantially with the requirements of the statute and contain the averment of the facts necessary to confer jurisdiction.''

In the case of *Henry County* v. *Holland*, reported in 58 So. 270, and which is an Alabama stock-law case very similar to the one under consideration here, the court says: ''The transcript shows that the original judgment of the commissioners' court was fatally defective in that it did not show that the petition had been signed by ten freeholders who resided in the district.''

In the case of *Flower* v. *Grant*, another Alabama case, reported in 30 So. 94, the court in passing on the validity of a stocklaw, says: ''A petition which does not state that the petitioners are freeholders and reside in the district, is fatally defective and the commissioner's court acquires no jurisdiction.''

Our own court has held in the case of *Bolivar County* v. *Coleman*, reported in 71 Miss. 832, and 15 So. 107, that a lease of sixteen section school land, made by the board of supervisors under section 732 of the Code of 1880, was void because it did not appear from the record, that a majority of resident heads of families petition for the leasing.''

This court also held in the case of *Lester* v. *Miller*, reported in 76 Miss. 309, and 24 So. 193, that an order of the board of supervisors of Sunflower county ordering an election under chapter 37 of the Code of 1892, was void because the petition asking for said election did not show that it was signed by one-third of the qualified electors of said county as required by the statute.''

In view of the authorities above cited, I submit to this court, that the petition filed with the board of super-

visors in this case does not contain an averment of any of the facts necessary to confer jurisdiction on the board of supervisors of the subject-matter in this case.

But grant for the sake of argument, and for that only that the petition in this case was sufficient, still the order entered by the board would still be null and void, for being a court of limited and special jurisdiction in this instance, their order or judgment must speak for itself; and must affirmatively show on its face every fact necessary to confer jurisdiction upon them, but by reference to the order complained of, the court will see that it does not recite one single fact sufficient to confer jurisdiction upon them.

In the case of *Henry* v. *Board of Supervisors of Sunflower County,* reported in 71 So. 742, this court says:

"The record in this case fails to show the number of square miles contained in district No. 2 of Sunflower county, and in fact it is only by indulging a presumption that we know from the record that district No. 2 of Sunflower county means supervisors district No. 2 of Sunflower county. The record does not show that the territory embraced in the proposed stock-law district under consideration is one or more townships or a part of two or more townships or less than thirty-six square miles, or that it is a part or parts of the county separated by natural boundaries. All these facts are jurisdictional, and must affirmatively appear of record before an act of the board of supervisors is valid. *Garner* v. *Webster, County,* 79 Miss. 565, 31 So. 210. In the exercise of the statutory power conferred on the board of supervisors to establish stock-law districts the board is a court of limited and special jurisdiction, and the judgment of such courts are not, in and of themselves, evidence of the right of jurisdiction, nor of its lawful exercise; but every jurisdictional fact must be shown on the record. *Bolivar County* v. *Coleman et al.,* 71 Miss. 832, 15 So. 107; *Lester* v. *Miller,* 76 Miss. 309, 24 So. 193.

114 Miss.—29

Under the statute, in order for the board of supervisors to pass a valid order putting in force the stock-law, their records must affirmatively show that the territory, being less than a whole county, includes one or more townships or a part of two or more townships not less than thirty-six square miles, or a part or parts of the country separated by natural boundaries. The circuit court cannot make judicial notice of the boundary lines of the supervisor's districts. *Elzey* v. *State,* 70 So. 479. The record in this case does not show, as it must, that the statutory requirements were complied with. This case is reversed, and judgment here for the petitioners.

On the trial of this case in the court below, it developed from the evidence, that the territory sought to be included in the stock-law district included both rural and municipal territory, which is in violation of section 3 of chapter 217, of the Acts of the legislature of 1914, under which the board of supervisors were attempting to act, and the trial court realizing that this could not be done, *ipso facto,* converted himself into a sort of ex-officio board of supervisors and undertook to create a stock-law district by chopping the head off of the one created by the board of supervisors and still trying to retain life in its body.

He lopped off all of the municipal territory embraced in their order, and declared a stock law to be in force in all of supervisor's district No. 1, except the corporate limits of the town of Inverness.

The legislature of this state has seen fit to confer the power of creating stock-law districts, in a limited way, upon the boards of supervisors of the several counties of the state, and not upon the several circuit judges, and when a stock-law case is brought up before them for review—which is frequently the case—his sole duty in the matter is to pass upon the acts of the board and not to undertake to act for them.

Therefore, I submit to this court, that the action of the trial court was without authority of law, and is null and void.

*Moody & Williams* and *J. M. Forman,* for appellee.

In behalf of the appellant it is claimed that the board of supervisors did not acqure jurisdiction, and therefore, the circuit court did not acquire jurisdiction, even by *certiorari,* to enter such order as the board of supervisors should have entered in the first instance—because it is said:

First, that the petition to have a stock law declared to be in force in supervisors district No. 1 did not, on its face, recite that it was signed by a majority of the resident freeholders or leaseholders for a term of three years or more—and, furthermore that the petition did not recite that. supervisors district No. 1 contained one or more townships of the county, etc.; and Second, while the record shows that the petition was, in fact, signed by a majority of the resident freeholders or leaseholders for a term of three or more years, yet the record as made by the board of supervisors, fails to show that supervisors district No. 1 is composed of more than one township, and that the town of Inverness is located therein.

These questions we will discuss under separate headings:

As to whether the petition itself should recite that it was signed by a majority of the resident freeholders or leaseholders for a term of three or more years, and as to whether the petition itself should recite that supervisors district No. 1 contains more than one township, we direct your attention to the following:

That part of section one, chapter 217, of the Acts of 1914. It was the duty of that court (the circuit court), to affirm or dismiss the order so entered, or the court might, if the record justified it, enter such judgment as

the board of supervisors, should have entered in the first instance.

In the determination of these questions, the court is of course, confined to the record of the board of supervisors, though additional facts may be established to make manifest any error it may have committed, to the end that the court may enter, such judgment as the board should have entered.

The entire record of the board of supervisors, with reference to this matter, was not sent up in obedience to the writ of *certiorari,* and to avoid the necessity of having an additional or supplemental writ issued to get a complete record, the appellants introduced, without objection on the part of the appellee the remainder of the record of said board, bearing on this subject, consisting of the several orders, appearing on its minutes, fixing the boundaries of supervisors district No. 1. Then, to make clear that the board exceeded its authority in declaring the law to be in force in the entire district, including the corporate limits of the town of Inverness, in which said district said town is located, the appellants also introduced the charter, etc., of said town, in which its corporate limits are defined.

If, upon the whole record so made, it appears that the board of supervisors acquired jurisdiction of the subject-matter, then it is the duty of the circuit court to enter such order as from the record the board should have entered in the first instance; this it did, by declaring the stock law to be in force, within four months from the date of the order in all of said districts, excepting the corporate limits of the town of Inverness.

We take the position that the statute did not require the petition to recite that it was signed by a majority of the resident freeholders or leaseholders, etc., of the proposed territory, nor to recite that such territory contained one or more townships. It was, of course, necessary that these facts should exist, and that the record of the proceedings of the board should so recite.

But it was not necessary that the petition itself should so recite, in order for the board to acquire jurisdiction. These jurisdictional facts existed and the records of the board show that they did.

The attorneys for the appellants contend that it was necessary that the petition should recite these facts. We contend that it was not necessary. *McCreary* v. *Rhodes & Silk,* 63 Miss. 308; *McGee* v. *Bell,* 63 Miss. 455.

The statute did not require that the petition should show that the applicant was a resident of the county, or the municipality, before the board had jurisdiction; but it did require that, as a fact, the applicant was such resident, before the board acquired jurisdiction, and the supreme court simply held not that the petition should show this fact, but that the record of the facts presented for the courts determination should show that fact. *Levee Commissioners* v. *Allen,* 60 Miss. 39; *Craft* v. *Desoto County,* 79 Miss. 619; *State* v. *Morgan,* 79 Miss. 659; *Telephone Company* v. *Morgan,* 92 Miss. 478.

In the preceding paragraph it has been our contention that it was not necessary that the petition itself should recite that it was signed by a majority of the resident freeholders, etc., and that the territory to be embraced within the stock-law district contained one or more townships, in order for the board of supervisors to acquire jurisdiction. It is necessary that the record of the board of supervisors, upon which the case was tried in the circuit court, should show that these facts existed. There is no doubt about this. Our contention is that the record does show that these facts as a matter of fact, did exist. We mean the record of the board of supervisors upon which the case was tried in the lower court. If you will examine the order of the board at page twenty you will find that it expressly recites that said petition "is signed by a majority of the resident freeholders for a term of three years or more." In fact this is not denied; as to this the only

contention is that the petition which was presented to the board does not recite that fact. We say as to this, that the law did not require it to be recited in the petition, but only that the facts should exist, and the board adjudged that that fact did exist, and its adjudication on that point is, of course final.

The contention, further, is that the record of the board of supervisors upon which the case was tried in the circuit court, does not show that supervisors district No. 1 contained one or more townships, and for that reason, the order is void. In support of their contention, the attorneys for the appellants rely on *Herny* v. *Board of Supervisors,* 71 So. 742.

That case was also tried in the circuit court on *certiorari,* but, on an agreed statement of fact, in which there failed to appear the boundaries of supervisor's district No. 2, as the same appears on the minutes of said board. The only portion of the record of the board of supervisors that was before the circuit court in that case was the petition that was filed, and the transcript of the minutes of the board at the meeting at which the orders declaring the stock law to be in force. A copy of the minutes of the board, defining supervisor's district No. 2, was not before the circuit court, or in evidence in that case. As to what constituted that district neither the circuit court nor this court knew.

When a petition is filed to declare a stock law to be in force in a certain supervisor's district, the record consists: First, of the petition; Second, the order appearing on the minutes of the board defining the boundaries of the supervisors district in which the stock law is petitioned to be in force; and Third, the order appearing on the minutes declaring the stock law to be in force.

This is what constitutes the record of the board of supervisors, and this was the record before the circuit court upon which the judgment was entered from which

this appeal was prosecuted, and from this record it affirmatively appears:

a.   That a petition was filed, praying the board of supervisors to declare a stock law to be in force in supervisor's district No. 1 of Sunflower county.

b.   That the boundaries of supervisors district No. 1 of said county are defined by orders entered upon the minutes of said board, and said district, the boundaries of which are thus defined, contains more than one township of the county;

c.   That the petition so presented was signed by a majority of the resident freeholders or leaseholders for a term of three or more years of said district; and,

d.   That an order was entered on the minutes of said board, declaring the stock law to be in force in said district within four months from the date of the order.

All of the foregoing facts, affirmatively appear in the record of the board of supervisors, when it acted, and the record showing these facts, was all in evidence in the circuit court when that court acted.   Therefore, on this record, we submit that the board of supervisors had jurisdiction, and on the hearing in the circuit court it was the duty of that court to enter such judgment as the board should have entered in the first instance.

The statute, Acts of 1914, chapter 217, section 3, among other things, provides that: "No stock-law district, hereafter created under existing laws shall embrace both rural and municipal territory."

The order of the board of supervisors was that the stock law should be in force in all of supervisors' district No. 1.   The appellants claim that located within this district there was the village of Inverness, and to establish this claim they introduced in evidence the charter, etc., of said town, in which its boundaries were defined.   If, as the statute provides, the stock-law district shall not embrace both rural and municipal territory, then so much of the order of the board of supervi-

sore as attempted to put the stock law in force within the corporate limits of the town of Inverness should be treated as a nullity, and should be considered as if the law were declared to be in force in all of the districts except of town of Inverness. In other words, the statute itself excepts the town of Inverness from the order. But, however this may be, when the case was tried in the circuit court, and it appeared to that court, from the facts thus established, that the board, in the first instance, had jurisdiction to declare the stock law to be in force in all of supervisor's district No. 1, except the corporate limits of the town of Inverness, but exceeded its authority when it declared said law to be in force in all of said district, including the town of Inverness. It, therefore, became the duty of the circuit court to enter such order as the board should have entered, and declare the stock law to be in force in all of said district, except the corporate limits of the town of Inverness. This is exactly what the circuit court did do, as you will see by reference to the judgment appealed from, and we submit that the action of the circuit court was eminently correct and proper.

SYKES, J., delivered the opinion of the court.

This suit was instituted in the circuit court of Sunflower county by petition for writ of *certiorari,* praying that the records of the board of supervisors be sent to the court to review the action of said board in declaring a full stock law to be in force in supervisor's district No. 1 of said county. The writ was issued, and the case was tried in the circuit court on the record of the board of supervisors. From this record it appears that a petition was duly signed by a majority of the resident freeholders or leaseholders for a period of three years of supervisor's district No. 1 of Sunflower county, asking that this district be placed under a full stock law.

It further appears that in supervisor's district No. 1 is situated the town of Inverness. The proceedings for the stock law before the board of supervisors were instituted under chapter 217, Acts of the legislature of 1914. Section 3 of this act, however, provides that a stock-law district cannot include both rural and municipal territory within its limits. The circuit judge in his order in the case found that the board of supervisors had full jurisdiction, but exceeded its power, and for that reason that the order of the board was erroneous. The order then declared the stock law to be in force after the proper time in all of supervisor's district No. 1 except the corporate limits of the town of Inverness. The record of the board of supervisors showed the boundaries of supervisor's district No. 1 and of the town of Inverness. The record does not show, however, that a majority of the resident freeholders and leaseholders for a period of three years living outside of the corporate limits of the town of Inverness signed this petition. It is necessary that the record should show the jurisdictional facts. *Town of North Carrollton* v. *Town of Carrollton,* 73 So. 812. Before the circuit court could have properly entered the order entered by it in this case, it would have been necessary for the record to have shown that a majority of the people qualified to sign this petition living outside of the corporate limits of the town of Inverness had in fact signed the same. The record fails to show this fact; consequently the court did not have jurisdiction to enter this order.

The order of the lower court is void for another reason: The petition for a stock law was to put all of supervisor's district No. 1 in this stock-law district. The order of the circuit court excepted from this district a certain part of it, viz. the town of Inverness. In the case of *Bowles* v. *Le Flore County,* 85 Miss. 387, 37 So. 707, the petition there was to put the entire county in a stock-law district. The board of supervisors only

placed a certain part of the county in the district. The court, speaking through Judge CALHOON, held that this order was void. The opinion says:

"It may be that there would have been too few petitioners, or none at all, for the law with any part excepted."

The court had no authority to change the boundaries of the district as petitioned for. And in this case, since the law prohibits rural and municipal property from being in the same stock-law district, the only proper order which could have been entered, either by the board of supervisors or by the circuit court, was one rejecting the petition. The case is reversed, and judgment will be entered here declaring the orders of both the circuit court and the board of supervisors to be null and void.

*Reversed and judgment here.*