## EVANS *et al. v.* WRIGHT, *Sheriff.*

[89 South. 226, No. 21410.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Curative act held to validate all districts which had exercised franchise for two years before passage.*

    Chapter 256, Laws 1918, providing that "all municipal and unincorporated separate school districts, and all consolidated school districts, which have exercised the privileges and franchises of a school district for a period of two years shall in all cases be conclusively presumed to have been legally established and organized," is distinctly curative in its nature and effect, and the passage of this act had the effect of validating the organization of all school districts which had exercised the privileges and franchises of a school district for a period of at least two years prior to its passage.

2. SCHOOLS AND SCHOOL DISTRICTS. *Levy of district tax must be in particular manner prescribed by statute.*

    In the levy of the tax authorized under chapter 186, Laws 1916 (section 7364, Hemingway's Code), since the board of supervisors exercises only a limited and special jurisdiction, the power must be exercised in the particular manner prescribed by the statute, and the requisite jurisdictional facts must appear on the face of the record.

3. SCHOOLS AND SCHOOL DISTRICTS. *Electors held to have sole power to initiate levy of tax on property district.*

    Under chapter 186, Laws 1916 (section 7364, Hemingway's Code), the qualified electors of the school district have the sole power to initiate a levy of a tax on the property of the district, and where no petition of a majority of the qualified electors requesting the levy is filed, the board of supervisors is without jurisdiction to levy the tax.

APPEAL from chancery court of Calhoun county.

HON. J. G. McGOWEN, Chancellor.

Suit by W. S. Evans and another against J. W. Wright, Sheriff and Tax Collector, for an injunction. From a decree dissolving the injunction and dismissing the bill, complainants appeal. Affirmed in part, and reversed in part, and injunction reinstated.

*W. J. Evans* and *J. H. Ford,* for appellants.

In our view of this case, if we should admit everything counsel says in his brief, it would not save his case. If we should admit for all purposes of the law under the act above mentioned, this district must be taken and held conclusively to have been regularly organized, yet the bill must be sustained because it affirmatively appears, and is not and cannot be denied, that the order making the levy of the taxes was void because it did not recite the jurisdictional facts. It appears as Exhibit C to the bill. That proposition was presented with authorities in our original brief.

It was alleged in the bill, and not denied in the answer, that the lands of the appellants belong to a previously organized and existing and operating separate school district, which had levied a tax to be collected from their property for that year. While this bill was brought in the name of individuals, it is really a contest between these two separate school districts, the latest organized being about to destroy the first. A separate school district, when once established can be altered and its boundaries changed by the school board only in the same manner they are authorized to be established, that is, by majority of the qualified electors, section 7333, Hemingway's Code, section 4513, Code of 1906, authorizes the school board to define the boundaries and make alterations therein prior to the first day of August, of all school districts outside of the separate school districts, and the legislature has of late passed acts providing how such districts may be abolished, requiring a petition of two-thirds of the patrons for that purpose. Chapter 174, Laws 1920; Chapter 244, Laws 1918. Nowhere do we find that the school board has the power to alter the boundaries of a separate school district and we apprehend that this could not be done by overlapping part of this territory of an existing district with a new district being subsequently organized, or otherwise than in the same method provided by law for its creation in the first instance, if at all. The case of *State* v. *Watts,* 78 So. 515,

deals solely with a rural consolidated school district, and is not applicable to a separate school district. *Keeton* v. *Board of Supervisors,* 77 So. 906.

So it seems plain to us that the district here could not exist in any view as to the property of these appellants, because this territory was already embraced within the previously organized existing and acting Duncan Hill separate school district, which had not been abolished.

It is therefore obvious that a district cannot be overlapped altered, or changed by the establishment of another district." *Gaulden* v. *Bellotte* (Fla.), 83 So. 866.

The authorities to the effect that the statute pleaded as a defense in this case cannot be given a retroactive effect are cited in our brief in chief. Counsel is mistaken in his idea that our argument along that line was based solely upon the theory that the statute is one of limitation. Of course, we think it is such and not a curative statute, because a curative statute would have no need to make its enforcement depend upon operation for a certain period of time, but would simply need to state that such districts were valid regardless of the validity or regularity of the organization. The rule above referred applies to any kind of a statute, and we think applies to this case with full force. Counsel says that the legislature might have originally made it lawful to establish a separate school district by the identical proceeding that was had in the establishment of the district in question and argues from that that it is a curative statute. We don't know about that, but it did not see proper to do that and instead made its validity depend upon its operation for the limitation period of two years, thus hedging it about with all the rules applicable to such a statute. Whether it is also curative in its intentions or not, it is certain that it is a statute of limitation in its provisions as well as in its effect. That it was also intended as a statute of limitations by the legislature is as clear as if it had said: "All suits against the validity of separate school districts shall be brought within two years from their organization and not after."

Part of the period of the two years here set up in defense accrued after the bill was filed, to wit, from February 1 to March 21, the date when the law was passed. The right to enjoin the collection of taxes invalidly imposed, or levied by a void district, or to defend against the action of an invalid district, was a vested one, and could not be taken away by an act passed after suit filed.

The striking from the record the stenographer's notes affects only the proposition of whether the district had acted as such for two years prior to the filing of the bill, which was an affirmative matter set up in the answer. All other facts are pleded in the bill and not denied by the answer.

So, we reiterate that said district was void and without authority to collect the tax, first, because the territory involved was part of the previously organized existing and operating Duncan Hill separate school district; second, the school board had no power to alter or change the boundaries of said district after August 1, or at any other time, save on petition as required for the organization of a separate school district in the first instance; third, the jurisdictional facts are not shown in the order, to have existed, and we say that the act, of the legislature is not valid as against the appellants and no defense here for the reasons set forth in this and our original briefs; and further, that regardless of whether the organization was void for the reasons assigned or whether the act above referred to made the district valid, still the order of the board of supervisors attempting to take the levy of the tax enjoined was void because of the lack of the precedent jurisdictional fact, and therefore the decree of the lower court should be reversed and decree rendered here making the injunction perpetual.

*H. H. Creekmore,* for appellee.

Section 7332 of Hemingway's Code is directory only and the school board had authority to enter the order establishing the New Liberty separate school district at the time the order was made. *State* v. *Watts,* 78 So. 515.

The other matters complained of in reference to the creation of the separate school district are that the district as organized contained less than sixteen square miles and that the order does not recite that there was a valid petition of the majority of the qualified electors of the district. These matters which it is claimed invalidate the organization of the district are legislative requirements and the legislature might have required other or different things to be done or might have required less or more to be done before the district could be legally organized. And without discussing whether the district originally was organized legally it is my position that since these were matters that the legislature could waive therefore that the curative act, chapter 256 of the Laws of 1918, cured any defect that might have existed in the organization of the district for the reason that the legislature might originally have provided that a district could be formed exactly as this one was.

Chapter 256 of the Laws of 1918 reads as follows: "All municipal and unincorporated separate school districts, and all consolidated school districts which have exercised the privileges and franchises of a school district for a period of two years shall in all cases be conclusively presumed to have been legally established and organized."

This statute, if applicable and constitutional, meets all of the objections raised by the bill in this case and it is not necessary to do more than answer the arguments in appellant's brief on this statute. It is first urged by appellants that the evidence does not show that the school district had exercised the privileges and franchise of such for a period of two years. Since this brief for appellants was written, the evidence has been stricken from the record and the argument on this point is no longer applicable because the court will presume in this situation that the decree of the chancellor was supported by the evidence.

Again it is argued by appellants that this statute is not retroactive. The statute says that it shall be in force and effect from and after the date of its passage, March 1, 1918,

that is to say, that the conclusive presumption raised by the statute from certain facts became effective on that date. It will be observed that the statute does not say that all school districts "which shall exercise the privilege and franchises of such for a period of two years," etc., but uses the language: "which have exercised the privilege and franchise of a school district for a period of two years shall in all cases be conclusively presumed to have been legally established and oganized."

This statute is not one of limitation at all but is a curative act as shown by its title which is "an act to validate the establishment of certain school districts. The moment the act became effective, that is to say March 21, 1918, it validated all school districts which had exercised the priviliges and franchises of such for a period of two years. It was in effect doing that which the legislature might have done originally, that is to say make it lawful to establish a separate school district by the identical proceeding that was had in the establishment of the New Liberty separate school district.

The whole argument of appellants as to the statute being prospective in operation only and having no application to this case is based on the premise that the statute is one of limitation and not a curative act. It being seen from a reference to the act itself and particularly its title that it is a curative act and not a statute of limitations, the premises on which the argument is based not being correct, the argument must fall.

Again it is contended that even if the act is a curative one that the defects complained of are jurisdictional and that the rights of the appellants are vested. There is nothing omitted from the proceedings as shown by the record in this case which the legislature might have constitutionally done to begin with they may ratify and validate afterwards. Just what the vested right of the appellants was which has been impaired is not stated in the brief. Their property has not been sold, and there is no effort to deprive them of their property in this proceeding which was enjoined, but

simply an effort to collect a tax. In the case of *Dingley* v. *Paxton,* 60 Miss. referred to in appellants' brief title to land was involved and if the act in question had been upheld, the citizen's land would have been transferred from him to another by virtue of such act. Certainly the appellants can have no vested right to any law which existed in December, 1915, nor can they have a vested right that no separate school district or other taxing district shall be created and certainly the legislature had the power to create duties and liabilities even to require the payment of taxes that had not existed theretofore. 6 R. C. L. page 309.

I respectfully submit that chapter 256 of the Laws of 1918, is constitutional and applicable to the case at bar and that the organization of the New Liberty separate school district, whether originally valid or not, was validated by said curative act and that the decree of the chancellor is correct and should be affirmed.

WILLIAM H. COOK, J., delivered the opinion of the court.

W. S. Evans and other taxpayers of Calhoun county exhibited their bill of complaint in the chancery court against J. W. Wright, tax collector, seeking to enjoin the collection of a tax on all the taxable property of the New Liberty separate school district, levied for the purpose of creating a fund to pay for fuel and other necessities for the public school during the scholastic year of 1917 and 1918, and to maintain the school for seven months, and also praying that the organization of the school district be declared void. A preliminary injunction was issued, and upon the final hearing there was a decree dissolving the injunction and dismissing the bill, and holding that the said school district was properly and regularly organized and created, and from this decree complainants prosecuted this appeal.

The bill of complaint alleged that the petition for the creation of the New Liberty separate school district was filed with the county school board on the 6th day of Decem-

ber, 1915, and an order was thereupon entered creating the district, and that on the 6th day of October 1917, the board of supervisors entered an order on its minutes levying a tax of three and one-half mills on all property in such school district, and that this order of the board of supervisors was void for the reason that it did not recite the jurisdictional facts necessary to a lawful levy of such tax. The bill attacked the organization of the school district on three grounds: First, that under section 4512, Code of 1906 (section 7332, Hemingway's Code), the school board was without authority or warrant in law to take jurisdiction of the petition and act thereon, or to change the boundaries of existing school districts, after the 1st day of August of said year; second, the order of the board failed to recite that the petition was signed by a majority of the qualified electors of the district proposed to be organized, or that the teri ritory proposed to be incorporated therein contained not less than sixteen square miles, or that a free school would be maintained therein; and, third, that the order was entered without any lawful notice to complainants, who were property owners of the territory proposed to be so incorporated.

The answer filed by appellee denied that either the order of the school board creating the district or the order of the board of supervisors levying the tax was void, and alleged that, if the said order of the school board was in any manner defective at the time the order was made, the said school district and the organization thereof was validated by chapter 256 of the Laws of 1918, which became effective March 21, 1918.

Chapter 256 of the Laws of 1918 is as follows:

"All municipal and unincorporated separate school districts, and all consolidated school districts, which have exercised the privileges and franchises of a school district for a period of two years shall in all cases be conclusively presumed to have been legally established and organized."

This statute is not one of limitation, but is distinctly curative in its nature and effect, and upon the passage of this act it had the effect of validating the organization of all

school districts which had exercised the privileges and franchises of a school district for a period of at least two years prior to its passage. The stenographers transcript of the evidence taken at the trial of this cause has been stricken from the record, and we must presume that the evidence supported the decree of the chancellor and showed that the New Liberty separate school district had exercised the privileges and franchises of a school district for a period of two years prior to the passage of chapter 256 of the Laws of 1918, and thereby came within the curative provisions of this act. We conclude, therefore, that the decree, in so far as it adjudged that the school district was properly and regularly organized and created, is correct.

It is next contended that the decree dissolving the injunction was erroneous, for the reason that the order of the board of supervisors levying the tax was void, because there was no petition of a majority of the qualified electors of the district requesting the levy, and because the order does not recite the jurisdictional facts necessary to a valid levy. Chapter 186 of the Laws of 1916 (section 7364, Hemingway's Code), provides in part as follows:

"For separate school districts having no municipal organization, the board of supervisors on petition of a majority of the qualified electors shall levy a tax sufficient to pay for fuel and other necessities for its public schools, and shall make such levy of taxes as may be necessary to maintain the schools after the expiration of the four months' term provided for by the state, or to supplement during the four months' term. The supervisors may also levy taxes to erect, repair and equip school buildings and houses, and may issue bonds for that purpose in the manner provided in the chapter on municipalities. In the separate school districts lying in two or more counties the board of supervisors of each county shall levy the required tax in their respective counties on such petition, and it shall not be necessary that a majority of the qualified electors of such district in each county shall sign the petition, but a majority of all the qualified electors of district, regardless of county lines,

shall be sufficient to require the several boards of supervisors to levy the tax, and when the amount of the required tax shall be once fixed, it shall remain the same for each successive year so long as the tax district is maintained, unless changed by a petition of a majority of the qualified electors of the district."

In the levy of the tax authorized under this section the board of supervisors exercises only a limited and special jurisdiction, and the power must be exercised in the particular manner prescribed by the statute, and the requisite jurisdictional facts to show a lawful exercise of the power must appear on the face of the record. Under this section the qualified electors of the school district have the sole power to initiate a levy of a tax on the property of the district, and until the petition of a majority of such qualified electors is filed the board of supervisors is without jurisdiction to make the levy. The order adopted by the board of supervisors in this case not only fails to recite this necessary jurisdictional fact, but, on the contrary, the record affirmatively shows that no such petition was filed. Since no petition of a majority of the qualified electors was filed, the board of supervisors was without authority to make the levy, and the order attempting to do so was therefore void.

The decree of the court below, adjudging the school district to be properly and regularly organized and created, is therefore affirmed; but the decree, in so far as it dissolved the injunction and dismissed the bill, is reversed, and the injunction reinstated.

*Affirmed in part; reversed in part.*