BRYANT *v*. BOARD OF SUP'RS OF YALOBUSHA COUNTY.

(Division B. Dec. 10, 1923.)

[98 South. 148. No. 23772.]

1. HIGHWAYS. *Board of supervisors have jurisdiction only over that territory described in petition.*

In proceedings to establish a separate road district in accordance with chapter 277, Laws of 1920, the territory stated in the petition confers upon the board of supervisors only jurisdiction over that territory therein named.

2. HIGHWAYS. *Board of supervisors could not include in district territory not described in petition.*

Where the petition includes that part of section 6, township 23, range 6 east, lying north of Scuna river, the board of supervisors have no jurisdiction to include in this district all of section 6, when the facts show that a part of section 6 lies south of this river.

3. HIGHWAYS. *Order of board of supervisors establishing district held not finding that all of section lay north of river.*

This order of the board of supervisors, attempting to include in this district all of section 6, is not a judicial finding that all of this section lies north of Scuna river.

4. HIGHWAYS. *Order establishing district subject to attack in proceeding to validate bonds.*

In proceedings to validate bonds of this district, one resisting the proceedings may show by pleadings and proof that the order of the board of supervisors is void, because, under the above petition and order of the board establishing the district, a part of section 6 as a matter of fact lies south of Scuna river, and the board had no jurisdiction to include this territory within the road district.

5. HIGHWAYS. *Order establishing road district to include more territory than was described in petition is void.*

The order of the board of supervisors in establishing a road district, which includes therein more territory than contained in the petition, is void, and may be attacked in validation proceedings.

APPEAL from Chancery court of Yalobusha county.
HON. JAS. G. McGOWAN, Chancellor.

Proceedings between W. C. Bryant and the board of supervisors of Yalobusha County. From a decree validating proposed bond issue of the district court, the former appeals. Reversed and remanded.

*Cowles Horton,* for appellant.

The first question presented by this record is whether the board ever acquired jurisdiction to make the orders

creating this road district and providing for this bond issue. If it did not, or if it failed to exercise its jurisdiction as provided by the statute, its proceedings are not merely irregular but absolutely void. Under this act the board could acquire jurisdiction only in one way, viz: by the presentation of the proper petition seeking the creation of the district and issuance of the bonds. Laws 1920, ch. 277, sec. 2.

The petition, under this statute, not only confers, but also limits, the jurisdiction which the board can exercise, and I do not apprehend that anyone would claim that the mere filing of a petition for the creation of a certain described district would invest the board with authority to create a district which was not in conformity with the territory embraced in the petition.

If the district created by the board was smaller than the one petitioned for, it would not be in conformity with the petition, and therefore, void (*Bowles* v. *Leflore Co.,* 85 Miss. 390; *Word* v. *Supervisors,* 114 Miss. 457) and if larger the board would be acting as to the added territory without any petition at all and its orders would likewise be void for this reason. *Evans* v. *Wright,* 126 Miss. 712; *Wallace* v. *State,* 104 Miss. 94. This is bound to be true in the case at bar, for the reason that the board is required to proceed in the manner provided by this act, or its proceedings cannot be valid. *Board* v. *Weatherford,* 114 Miss. 270, *Craft* v. *Desoto Co.,* 79 Miss. 618, *Hawkins* v. *Carroll Co.,* 50 Miss. 735, *County* v. *Bunckley,* 85 Miss. 713.

Without jurisdiction of the *res* and to render the particular judgment rendered, no judgment of any court will be valid, whether its jurisdiction is a general or a special and limited one.

In *Shriver's Lessee* v. *Lynn,* 11 U. S. (L. Ed.) 172, a sale was made of certain property ordered to be sold and one hundred acres of other land. Thereafter the sale

of the whole property was confirmed, and the question arose whether it was subject to attack. The court held that it was and, making reference to the fact that "the petition did not pray for the sale of this land," made the further statement that "at the time the decree was entered, that tract was no more subject to the power of the court than every other tract in the county,"—because it was not embraced in the petition and the court had never acquired any jurisdiction over it.

Our own court, in *Insurance and Realty Company* v. *Fire Ins. Co.,* 113 Miss. 545, applying the principle, made the statement that "the thing, the *res,* must first be brought under the control of the court by proper process; then the judgment can only go against the thing under the control of the court." It appearing in that case that the "thing" was "not under the control of the court" it was further stated that "the court has no jurisdiction."

Without further citation of authority on this unquestionable proposition, we submit that the board did not acquire jurisdiction, by this petition, to create the district which it undertook to create by its orders.

This petition limits the district to that part of section six in township 23, range 6 East, that lies north of Scuna river. Under this petition, no grantee would ever take title to that portion of this section lying south of the river, no lawyer would approve a title to "all of section six" on an abstract thereof covering that portion thereof embraced in the petition, and no court on earth would acquire jurisdiction or "control" of the whole of this section on a bill or declaration embracing only that part of the section which lies north of the river.

Nevertheless the board, in its orders, created a district specifically and positively embracing "all of section six" of this township and range, and, if the district shall stand at all, these bonds will stand as obligations against the property in this section south of the river as well as north of it.

The learned counsel for the appellee did not claim on
the trial below that the board had the right to add terri-
tory to the district as petitioned for, but their contention
was that these proceedings were immune from a collateral
attack, and that this was a collateral attack.

The difference between judgments that are void and
subject to collateral attack and those which are merely
irregular and immune therefrom is well explained in
*Theobold* v. *Deslonde,* 93 Miss. 208, and this court there
distinctly shows that where a court has acted without,
or beyond, its jurisdiction, its judgment, being void, is
subject to attack anywhere. This, indeed, is elementary.
Freeman, Judgments (3 ed.), sec. 117; *Lester* v. *Miller,* 76
Miss. 309; *Harris* v. *State,* 72 Miss. 960; *Lake* v. *Perry,* 95
Miss. 573; *Ex parte Burden,* 92 Miss. 14.

In 15 R. C. L., page 604, sec. 43, it is stated that a
"judgment will be void which is a departure from the
pleadings, and based upon a case not averred therein."
If, therefore, the board had taken on itself to amend this
petition so as to make it conform to the district as created
by the board its proceedings would still be invalid, since
it would have no right to make such an amendment itself
(See *Trustees* v. *Covington Co.,* 115 Miss. 133-4) and we
insist that it could not do "by indirection what it could
not do directly." *Hamilton* v. *Board,* 96 So. 466.

In *Bank* v. *Martin,* 9 S. and M. 621, the court observes
that "an order, judgment or decree is void when ren-
dered by a court which has no jurisdiction of the subject-
matter, or of the parties. Both must concur to make the
proceeding valid."

Whatever may be the presumption applicable to orders
of this character, the presumption arises not merely from
the orders themselves but from the whole record, and the
appellant has just as much right to show the invalidity of
the orders by the petition as by the contents of the orders
themselves. This is true, because the petition constitutes

a part of the record and the only part thereof whereby jurisdiction, under this act, can be conferred.

In the case of *Borroum* v. *Purdy Road District*, 95 So. 679, Judge ETHRIDGE refers to the fact that the whole record must be examined and that the petition constitutes a part thereof.

Appellant offered to show in this case the amount of territory which the board had added to the district in violation of its jurisdiction under this petition and contrary to the petition itself. This proof, if allowed to be made, would not be in contradiction of the record but in support thereof, for the reason that the petition shows on its face that there is a part of section six which does not lie north of the river, and the order of the board does not declare that such is not a fact.

If the board acted beyond its authority in regard to three acres of land, its proceedings must stand on the same principles as would apply if the added territory had been larger. There can be no half-way ground; the proceedings are either valid or invalid, without regard to the amount of property over which the board might thus arbitrarily assume jurisdiction. See: *Koch* v. *Bridgers,* 45 Miss. 258; *Monroe Co.* v. *Minga,* 127 Miss. 716; *Gibson* v. *Currier,* 83 Miss. 253; *Ellis* v. *Tillman,* 125 Miss. 686; *Planters Merc. Co.* v. *Braxton,* 120 Miss. 490.

Appellee will rely, as we understand its position, on the cases of *Dye* v. *Mayor,* 119 Miss. 359; *Lincoln County* v. *Wilson,* 125 Miss. 840, and *Liddell* v. *Noxapater,* 129 Miss. 522, but none of these authorities militate in anywise against our position. None of them hold anything contrary to the appellant's propositions in this case, and none of them dispute the authority of this court to refuse to validate this issue when it ascertains that the board did not have jurisdiction to make these orders.

Looking, therefore, to the whole record in this case, we find it clear and beyond any dispute that the board has certainly and specifically provided for the issue of bonds

against "all of section six" and other property. That the petition, on which alone the board's jurisdiction can be supported, expressly limits the board to a control of that part of section six north of the river. That this petition, on its very face, expressly excludes from the jurisdiction of the board that part of this section south of the river, and this part amounts, as appellant offered to show, to three acres in territory. However, ingenious may be the argument in support of the issue, the learned counsel for the appellee cannot escape this situation which confronts the court when the question shall come to be decided—whether this issue, under such circumstances, can be valid.

*Stone & Stone,* and *G. G. Lyell,* State Bond Attorney, for appellee.

We earnestly submit that every proposition covered by this record has been decided recently by this honorable court, and the decisions have been uniformly adverse to the contentions of this appeal, and we submit that an examination of this record will show that the board of supervisors of Yalobusha county was unusually careful in making up this record, and that they regarded every provision of law, and that the chancellor was fully justified in his decree validating these bonds; in fact, we could see no possible reason in the light of recent decisions for a decision otherwise on the question of the validity of the bonds.

It will be noted that one certain section six is described in the petition as that part of section six lying north of Scuna river, and in the order creating the district the board evidently and unmistakably finding and adjudging that all of said section lay north of Scuna river, correctly described section six by the simple description "section six."

Certainly, the board had before it a correct petition concerning all of section six lying north of the river, and we differ with counsel in his bald statement that this meant that some of the section was south of the river. When the board found, as they necessarily would find, that all of the section was above the river, it was certainly not in conflict with the former description to say simply "section six" as a complete description of the section.

Counsel cites a large number of decisions and quotes freely from them, and none of which are questioned by the appellee here; however, instead of making the application by the record counsel simply makes a bald statement that the board in our case did not have jurisdiction, and attempts to make his application in that manner. Of course, if his statement were true, and upheld by the record, that the board had no jurisdiction, we would not be here arguing the case, but here was our Yalobusha county board of supervisors that had jurisdiction of the matter in its every phase, had authority to adjudicate that the descriptions "all that part of section six north of Scuna river" and "all of section six" were identical and they did decide and did so declare and did include in their holding and finding and order that the petition was sustained in whole, and they were acting in a matter of which they had exclusive jurisdiction, and, therefore, the cases referred to and properly considered are really in favor of the appellee and not of the appellant. Take for instance the case of *Williams et al.* v. *Lee et al.*, 97 So. 14. We have no quarrel with this case and we cannot figure out how anyone ever imagined that territory could be added to any sort of district without any kind of notice, but that case has no more bearing on the case at bar than if it concerned a damage suit about drainage or a divorce, or any other matter.

We are going to content outselves with citing the authorities on this matter. See *Liddell* v. *Municipality of Noxapater et al.*, 129 Miss. 513, 92 So. 671. See especially

the paragraph near the top of page 523 of 129 Miss., where Judge ETHRIDGE refers to the case of *Dye* y. *Mayor of Town of Sardis,* 119 M. .s. 359, 80 So. 761. It looks like the opinion in this Liddell case absolutely settles our whole proposition. It winds up with the following sentence: "It is one thing to attack the creation of a school district and another thing to attack the acts done by the district after its creation, and unless the act creating the district is void it cannot be brought in question in a subsequent proceeding unless some positive statute is violated."

The *Dye case* at 119 Miss. 367, 80 So. 761, decided by Judge STEVENS of Division "B" settles the proposition of there being no collateral attack permissible in questioning a bond issue; there is no collateral attack on the formation of the district. Montgomery's brief for the appellees in this case is a masterly one, and shows that if anyone had any protest on the organization of the district an appeal should have been made from the order of organization. See *Warford* v. *Williams,* 110 Miss. 637, 70 So. 823, on the point that there should have been an appeal from the act of the board of supervisors rather than this collateral attack at this late day.

See as very important the case of *Johnson* v. *Yazoo County* where the objectors tried to enjoin the board, and see especially page 449 of 113 Mississippi, and it will be noted how fully that this is a collateral attack and cannot come in on the formation of the district.

See *Hinton* v. *Board of Supervisors,* 36 So. 567, 84 Miss. 546, showing that if the jurisdictional facts were shown to exist there is no need ever to set forth the evidence in the judgment, and it is not controvertible except on direct appeal.

See *Thomas* v. *Lee County,* 98 Miss. 232, but see specially pages 260 and 261 containing the opinion, and showing the powers of the board, and the finality of the

orders of the board unless the said orders are appealed from.

We cannot possibly add anything to the direct and unequivocal statements contained in the opinions of the various cases cited; they seem to us to settle this matter beyond peradventure of a doubt, and we will not take up the time of the court and counsel with further statements or argument.

Argued orally by *Cowles Horton,* for the appellant, and by *W. I. Stone,* for the appellee.

SYKES, *P. J.,* delivered the opinion of the court.

From a decree of the chancellor validating a proposed bond issue of the Torrance-Scuna road district this decree is here prosecuted.

The facts are as follows: The petition for the establishment of this road district was duly filed with the board of supervisors. Among other territory to be included in this district was "that part of sections 4, 5, 6, and 7 in township 23, range 6 east, which lies north of Scuna river." The order of the board of supervisors establishing the district as prayed for by the petition includes all of section 6 in this township and range. This proceeding was had under chapter 277, Laws 1920.

The appellant by proper pleadings in the validation proceedings before the chancellor claimed that the organization of this road district and the order of the board establishing it was void, because the board had exceeded its jurisdiction, and included in it all of section 6, whereas the petition which gave the board jurisdiction only included therein that part of section 6 lying north of Scuna river; that it is apparent from this petition that only a part of this section lies north of Scuna river; therefore that it is equally apparent that the balance or some part of this section also lies south of this river.

Appellant also offered to prove this fact in the validation proceeding. The testimony was excluded, and the bonds were validated.

In the establishment of a road district under this act, the board of supervisors acquired jurisdiction over the proposed territory or the *res* in question by virtue of the petition. The district created must conform to the one petitioned for. If smaller than the territory included in the petition, it would be void. *Bowles* v. *Leflore County,* 85 Miss. 390, 37 So. 707; *Word* v. *Sunflower County,* 114 Miss. 446, 75 So. 258. Likewise, if the territory included be greater than that petitioned for, the order of the board would be void, because the order does not conform to the petition, and also because the board is attempting to include within the district territory over which it has not acquired jurisdiction. *Evans* v. *Wright,* 126 Miss. 703, 89 So. 226; *De Soto County* v. *Weatherford,* 114 Miss. 259, 75 So. 114; *Craft* v. *De Soto County,* 79 Miss. 618, 31 So. 204.

It is the contention of the appellee that the order of the board, including within this road district all of this section, is an express adjudication by the board that the entire section lies north of this river. There is no such express adjudication in this order of the board, and the mere fact that it attempts to include all of this section within the district is not such a finding.

In the case of *Borroum* v. *Purdy Road District,* 131 Miss. 778, 95 So. 677, it is held that the petition and the orders of the board constitute a part of the record. It is necessary to consider the petition upon which the order of the board is based, in order to ascertain whether the board acquired jurisdiction of the *res.* In this case the order does not conform to the petition. Apparently it includes more territory than that petitioned for. Appellant by his pleading and by his proof offered to show that this apparent contradiction is in fact true, and that

a part of section 6 lies on the other side of this river, and therefore is not within the territorial limits of the road district. The effect of this proof would be that the board of supervisors has exceeded its jursidiction, which is expressly limited to the territory named in the petition, and under the above authorities its order establishing the district would be void. A void order, under the Purdy Road District Case and others above cited, can therefore be attacked in this proceeding. The court erred in not permitting this testimony to be introduced.

*Reversed and remanded.*