ELLEN D. VAUGHN ET AL. *v.* ELLA HUDSON ET AL.

1. BILL OF REVIEW. *Appeal. Res adjudicata. Infants.*
   By affirmance of their appeal, infants are concluded only as to the matters appearing in the transcript of the record, and can afterwards maintain a bill of review, under Code 1871, § 1265, in order to obtain justice which they failed to secure at the hearing, because the case was not presented as on the rehearing.
2. SAME. *Estoppel. Affirmance on appeal.*
   Adults can maintain a bill of review for newly discovered matter after the affirmance of the decree by the Supreme Court on their appeal. 2 Dan. Ch. Prac. 1580; Story Eq. Pl. § 418.
3. SAME. *Fraud. Putting parties in statu quo. Full relief.*
   A decree making final settlement of an estate by giving all its assets to a debtor, and cancelling a decree of foreclosure against him, upon the ground that he owns all valid claims against the estate which equal in value the assets and foreclosure decree, when, in fact, he owns none but the claims are barred, should be vacated at suit of infant heirs and distributees, and the parties placed as if it had not been made.
4. SAME. *Refunding money. Interest. Attorney-at-law.*
   In such a case the court may order the administrator, who, with the debtor, procured such decree by a sworn petition containing the erroneous statements, to refund excessive commissions and a fee paid him as attorney, with six per cent interest on the amount directed to be paid, from the date of the decree ordering its payment to him.

5. SUPREME COURT. *Practice. Assignment of error.*

    If the widow of an heir does not join in the bill of review, she is nevertheless entitled to a child's part of his share in the recovery, and a decree awarding it all to his children is erroneous; and this mistake will be corrected on appeal, under the general assignment of errors, without being specifically assigned as error.

APPEAL from the Chancery Court of Hinds County.

Hon. E. G. PEYTON, Chancellor.

Samuel F. Vaughn died in 1862, intestate, and without lineal heirs, leaving a personal estate, consisting entirely of a claim against his brother, A. J. Vaughn, for land which he sold him. His administrator, G. B. Downing, sued on this claim, and, in 1870, obtained a decree fixing the amount of it, and directing the land to be sold for payment. This was done, and Ellen D., wife of A. J. Vaughn, bought at the sale, paying one half cash, and giving a twelve months' note, secured by a lien on the land for the balance. Downing died. W. Calvin Wells, after an interval of several years, succeeding him in the trust, filed a bill in chancery for payment of the note, and, on Aug. 20, 1874, obtained a decree, ascertaining the amount due, and ordering the land sold to pay it. When administration was first taken out, in 1867, a number of claims were probated against the estate. The heirs of Samuel F. Vaughn were A. J. Vaughn and the minor heirs of D. C. Vaughn, another brother.

When Wells sued negotiations were pending between him and A. J. Vaughn, as agent for his wife, looking to an arrangement by which she was to buy the claims against the estate, and have the decree against her satisfied, and, after paying Wells's fees and commissions, was to receive all money belonging to the estate, in the hands of W. T. Ratliff, administrator of Downing. These negotiations finally resulted in a petition signed and sworn to by Wells, as administrator, and Ellen D. and A. J. Vaughn, for final settlement of the estate, in which it was alleged that there existed against the estate a number of valid subsisting claims exceeding in amount the value of the assets; which claims had all been purchased by, and belonged to, Ellen D. Vaughn, who was willing to take the assets of the estate, after paying costs and Wells's fees and

commissions, in settlement of the claims. The assets then consisted of the decree against her, and a balance of money in the hands of Ratliff. The court decreed, on Nov. 19, 1875, in accordance with the prayer of the petition, ordering the decree against Ellen D. Vaughn satisfied and cancelled, giving Wells two hundred and fifty dollars' fee as solicitor in the suit against her, and three hundred dollars' commissions as administrator, and turning over to her the balance of the money.

In 1880 the heirs of D. C. Vaughn then minors, prosecuted an appeal from this decree, to which Mr. and Mrs. Vaughn, Wells and Ratliff were parties, and assigned for error that those were not valid debts against the estate, the registry of claims, made a part of the record in the case, showing that they were all barred at the date of the petition. Wells confessed error; but the decree was affirmed as to the other parties upon the ground that, as none of the vouchers representing the claims were before the Supreme Court, it could not know in what condition they were, nor could it infer certainly that no proof of an agreement between Ellen D. Vaughn and Wells or the former administrator was proved; and it is a firmly settled rule of this court that every presumption is to be indulged in favor of the correctness of the decrees and judgments of the courts below; and when their judgments depend on proof, and it appears that all the evidence is not reported to this court, it cannot reverse if, in any state of case, the judgment or decree could be sustained.

On Aug. 9, 1880, this bill of review was filed, the complainants being still all minors, suing by their mother and guardian, Frances C., widow of D. C. Vaughn, except Ella Hudson, who was less than twenty-two years old, and alleged as error in the decree on settlement of the estate that those were not legal claims against it, and that a fraud was practised in obtaining it, Ellen D Vaughn not being, as she pretended to be, the owner of said claims. The cross-bill of A. J. Vaughn and wife pleaded the decree on settlement and the judgment here affirming that decree in bar of the relief sought, and insisted that Ellen D. Vaughn was the owner of the claims, and called for answer. The complainants' answer to

the cross-bill denied the facts set up in bar of relief, denied that the claims were transferred to Ellen D. Vaughn, and insisted that the decree made on final settlement was fraudulent and void, because all the probated claims were on their faces barred before the petition was filed, and that none of them had ever been reduced to judgment, and that the administrator had never done any act to stop the running of the statute of limitations.

The Chancery Court decreed on Sept. 24, 1881, dismissing the appellants' cross-bill, granting to the appellees the relief prayed for in their bill of review, declaring that the decree of Aug. 20, 1874, was not satisfied, but was still due to the heirs of Samuel F. Vaughn, ordering that the decree on the final settlement of the accounts of W. Calvin Wells, as administrator of Samuel F. Vaughn, deceased, be vacated ; directing an account to be taken as to how much was received by Ellen D. Vaughn from W. T. Ratliff, as administrator of the estate of G. B. Downing in his settlement of the final account of said Downing as administrator of Samuel F. Vaughn's estate ; directing a commissioner to compute what amount was paid to W. Calvin Wells for attorney's fees and commissions in the administration of the estate of Samuel F. Vaughn ; and directing the commissioner to report to the court what would have been a reasonable fee to Wells, as solicitor, and also what commissions should have been allowed him as administrator. The court, on the commissioner's report on March 2, 1882, decreed, allowing Wells the sum of one hundred and forty-one dollars and sixty-two cents as a reasonable fee as solicitor, and the sum of one hundred and forty-one dollars and sixty-two cents commissions, as administrator ; ordering him to pay to A. J. Vaughn the sum of one hundred and thirty-three dollars and thirty-eight cents, with interest at six per centum per annum from the date of this decree, and the same sum to the complainants ; and directing the payment by Ellen D. Vaughn of the money received from Ratliff, and the sum due for the land on decree of Aug. 20, 1874, to the complainants and A. J. Vaughn in equal parts. The appellants assigned for error in detail every order and direction in both the decree of Sept. 24, 1881, and that of March 2, 1882, but failed to

specify that Frances C. Vaughn's interest was nowhere recognized.

*T. J. & F. A. R. Wharton,* for the appellants.

1. The appellees are estopped, by the decree of affirmance on their former appeal, from maintaining their bill. They could have applied for a rehearing under Code 1871, §§ 1265, 2161. *Sledge* v. *Boone,* 57 Miss. 222. But they elected to appeal and have the rehearing before the Supreme Court. After affirmance, they cannot again contest the validity of the decree, especially with respect to any matter of fact or law which was then adjudicated, or which might have been adjudicated, by the Chancery Court or by the Supreme Court on such appeal. *Henderson* v. *Winchester,* 31 Miss. 290 ; *Cocks* v. *Simmons,* 57 Miss. 183. Beyond their right to rehearing, and exemption from the statute of limitations, infants have no greater right than adults to impeach decrees. *McLemore* v. *Chicago Railroad Co.,* 58 Miss. 514 ; *Leach* v. *Shelby,* 58 Miss. 681. The decision of the Supreme Court on that appeal, even if erroneous, is the law of this case, and cannot be afterwards reversed. *Stewart* v. *Stebbins,* 30 Miss. 66 ; *Bridgeforth* v. *Gray,* 39 Miss. 136 ; *Swan* v. *Smith,* 58 Miss. 875.

2. As to all the matters involved in this suit, except fraud, the affirmed decree is an express adjudication ; and, in such a case, a second suit cannot be maintained by the same parties, to try again the same questions. *Agnew* v. *McElroy,* 10 S. & M. 552 ; *Johnson* v. *Jones,* 13 S. & M. 580 ; *Lawson* v. *Shotwell,* 27 Miss. 630 ; *Scully* v. *Lowenstein,* 56 Miss. 652 ; *Bell* v. *Medford,* 57 Miss. 31 ; *Wofford* v. *Bailey,* 57 Miss. 239 ; *Russell* v. *Place,* 94 U. S. 606 ; Bigelow on Estoppel, 16. The validity of the claims against the estate of Samuel F. Vaughn, which were assigned to Ellen D. Vaughn, was decided by this court on the former appeal. Even if that decision was wrong, it must be accepted as the law of this case. *Green* v. *McDonald,* 13 S. & M. 445 ; *Smith* v. *Elder,* 14 S. & M. 100 ; Bigelow on Estoppel, 16. The doctrine of *res adjudicata,* which is now invoked, applies to infants as much as to adults. After a question is once fairly tried and decided, it must remain settled. The additional charge of fraud is not sustained by the evidence in this case.

3. If the decree could be thus assailed, and was properly set aside, the court erred in dealing with the Ratliff money and the Wells administration business. These pertained to the estate of Samuel F. Vaughn, and could be settled only upon final account in the probate department of the court. Whatever Ellen D. Vaughn owes that estate is to be settled there, and this court in this proceeding has no power to administer the estate. It is only in the exercise of its special probate jurisdiction that a court of chancery can allow such commissions, or cause distribution of the personal estate of a deceased person to be made among his heirs. *Wells* v. *Smith*, 44 Miss. 296 ; *Saxon* v. *Ames*, 47 Miss. 565, 568 ; *Troup* v. *Rice*, 49 Miss. 248 ; *Smith* v. *Everett*, 50 Miss. 575 ; Code 1871, §§ 1169, 1171 ; Code 1880, §§ 2070, 2072, 2076. If the Chancery Court had jurisdiction to order, in its final decree dated March 2, 1882, the payment of $133.38 by W. Calvin Wells to A. J. Vaughn, it erred in not decreeing interest at six per centum thereon from Nov. 19, 1875, instead of from March 2, 1882.

*T. J. Wharton* and *F. A. R. Wharton*, each made an oral argument.

*C. M. Williamson*, for the appellees, argued orally and in writing.

1. Minors can attack any decree which affects them, by merely alleging error, and offering to show it by proof. Code 1871, § 1265 ; *Sledge* v. *Boone*, 57 Miss. 222 ; *Enochs* v. *Harrelson*, 57 Miss. 465 ; *Mayo* v. *Clancy*, 57 Miss. 674. This is not altered by the refusal of this court on the former appeal to reverse, because no error appeared in that transcript. If every fact stated in the cross-bill is admitted, the rights of the appellees are unaffected. These minors have, by the decree of Nov. 19, 1875, been deprived of money ; that decree was procured fraudulently ; and it must be vacated, and the parties placed *in statu quo.* Ellen D. Vaughn was therefore properly ordered to refund, with interest, the money which she received.

2. Wells has not appealed, and the appellees have taken no cross-appeal. If errors were committed in dealing with him, the appellants, who are not thereby injured, cannot be heard to complain. The Chancery Court has jurisdiction over all

branches of the case, and having taken the case for one pur-
pose, will grant full relief.   All parties are benefited by having
the litigation ended, and the court will not uselessly remit
them to the delay of a final settlement of the estate.   The
charge of fraud is sustained by the proof, and the decree in
its various details is the proper and necessary result.

*S. M. Shelton*, on the same side, made an oral argument.

*Shelton & Crutcher*, on the same side.

1. Fraud vitiates whatever it enters, and if infancy were
eliminated from this case the decree would be affirmed.   In-
fants may attack the former fraudulent decree.   *Enochs* v. *Har-
relson*, 57 Miss. 465 ; *Mayo* v. *Clancy*, 57 Miss. 674; *McLemore*
v. *Chicago Railroad Co.*, 58 Miss. 514.   No estoppel results, as
to infants, from the appeal and affirmance.   Code 1871, § 1265.
The appellate court reviews the case made by the record.
*Planters' Bank* v. *Calvit*, 3 S. & M. 143, 194.   Affirmance can-
not make a void judgment valid.   *Pender* v. *Felts*, 2 S. & M.
535.   Neither infants nor adults are estopped to attack on
evidence outside the record and upon the ground of fraud.
Bigelow on Estoppel, 485, 493.

2. The facts disclosed by the record justify the relief granted.
It is admitted both by the appellants and this court on the
former appeal, that the claims on their face were barred when
the petition for settlement was filed.   It is nowhere pretended
that the claims had been sued on.   On the contrary, they had
not been.   The only thing urged is that Vaughn, as agent for
his wife, agreed with Wells the administrator, that she should
buy up the claims, and they would be recognized as offsets.   It
is not pretended that this agreement was made or even hinted
at by or with any former administrators.   Therefore Wells,
and Wells only, was the party with whom the agreement was
made.   The copy from the registry of claims shows that all
these claims were barred before Wells was appointed adminis-
trator.   Hence they must have been barred before any agree-
ment could have been made with Wells.   Neither contingency,
therefore, exists to prevent the bar.

3. Proper directions are given in the decree for the distri-
bution of the funds.   We think there can be no question as to
the correctness of this proceeding.   It is no longer a mooted

question that when equity has jurisdiction of a cause it will retain it for all legitimate purposes of proceeding. It will retain jurisdiction in order to administer full relief. *Griswold* v. *Simmons*, 50 Miss. 123. What benefit to the parties could have accrued by resorting to a proceeding on the probate side of the court and calling on the administrator to render his final settlement? The parties were all before the court, and the master's report was subject to exception, as would have been the administrator's final settlement.

CAMPBELL, J., delivered the opinion of the court.

The infants were not barred from having a rehearing of the case under § 1265 of the Code of 1871, by the affirmance of the decree by this court on their appeal from it. The question on that appeal was, whether on the record the decree was correct or not, and the judgment of affirmance was a declaration by this court that it found no error in the action of the court below as shown by the transcript, but it added nothing to the decree of the Chancery Court, except finality as to the right of appeal from it. The infant appellants, like adults, were concluded by the judgment of this court as to alleged errors in the decree, as shown by the transcript of the record of the case, and could not again appeal and assign error upon the record; for the judgment on the appeal was *res judicata* as to that, and could be so pleaded; but the right to a rehearing of the case, as secured by the statute, remained intact, as if no appeal had been taken. In the appeal, the appellate court is confined to the face of the record. On a rehearing, under the statute, the case stands for hearing, as if a decree had not been made in it; and it is the duty of the court to inquire into the rights of the infants, and make such decree as may appear to be proper, as though the case had not been heard before. The object of the statute in allowing a rehearing to infants, as provided for, is to enable them to obtain their rights. Adults may maintain a bill of review for newly discovered matter after the affirmance of the decree by the appellate court on their appeal. 2 Dan. Ch. Prac. 1580; Story Eq. Pl. § 418. *A fortiori* may infants enjoy the right secured by statute to have a rehearing of the case, both on

facts and law, as a means of obtaining by the rehearing that measure of justice which they failed to secure on the former hearing, because of the failure to present their cause as it is presented on the rehearing.

It was proper for the Chancery Court to vacate the decree of Nov. 19, 1875, and to reinstate the decree against the land of Mrs. Vaughn, which the decree of Nov. 19, 1875, had declared to be satisfied; and also to compel her to pay the money she received from Ratliff, administrator of Downing. The decree of Nov. 19, 1875, was made on the erroneous assumption that Mrs. Vaughn held a large amount of valid claims against the estate of Samuel F. Vaughn, deceased, which were more than enough to consume all its assets, when in truth, as it now appears, she was not the holder of any valid claim against said estate, but all were extinct by lapse of time when she was dealt with as such creditor. The infant distributees, obtaining a rehearing of the case, and showing this error to have been committed against their interests, were entitled to be placed *in statu quo ante* the decree, and to recover all they would have recovered, if they had made the same presentation of the case now made; and Mrs. Vaughn, having got, by the decree of Nov. 19, 1875, what she was not entitled to, must return it, and stand as though that decree had not been made.

The cross-bill of the appellants was properly dismissed. It contained no ground for any relief. The court did right to adjudicate all of the matters involved in the case which was reheard, including the fee and commissions of Wells, the administrator. The case was opened for full investigation, and for a final settlement of the administration of the estate of Samuel F. Vaughn. The decree is wrong in not requiring Wells to pay six per cent interest on the sum directed to be paid to A. J. Vaughn from Nov. 19, 1875.

The decree is erroneous in awarding one half of the sum due from Mrs. Vaughn to the complainants in the bill for a rehearing, who are the children of D. C. Vaughn, deceased. The record shows that he left a widow (Frances C. Vaughn), and his five children are entitled to five sixths of his estate, and his widow to one sixth of it, or a child's part. Although

Frances C. Vaughn is not a complainant in the proceeding to have the case reheard, the children of D. C. Vaughn are entitled only to what accrued in their own right as his distributees. This error confronts us on the record, and, although not specifically assigned by the appellants, is embraced in the general complaint against the decree, and we feel bound to notice it.

*Decree reversed and decree here.*