### ROBINSON *v.* McKNIGHT.

(Division A. Nov. 19, 1923.)

[97 So. 811. No. 23714.]

APPEAL AND ERROR. *Transcript of stenographer's notes not stricken for failure to contain evidence not shown to be material.*

Stenographer's transcript of notes will not be stricken from the record under Code 1906, section 797d (Hemingway's Code, section 585), as amended by Laws 1920, chapter 145, section 1, for failure to include a bill of complaint introduced in evidence, where it does not affirmatively appear that the bill of complaint is material to a decision of the issue which the court below was called on to try.

APPEAL from chancery court of Franklin county.

HON. R. W. CUTRER, Chancellor.

Action between C. E. Robinson and Theo. McKnight. From the judgment rendered, the former appeals. On motion to strike transcript of evidence from record. Motion overruled.

*F. H. Lotterhos* and *Theo McKnight,* for appellee.

The transcript herein was received by Truly and Truly on July 11, 1922, and approved as correct and mailed to appellee on the 11th day of July, 1922. R. P. 111. Said transcript was received by appellee on July 12, 1922, and suggestions of corrections made and transcript returned to clerk on July 15, 1922. R. P. 111.

The principal objection noted to the correctness of the transcript by appellee was its failure to show the pleadings of F. Krauss and Sons in the case of *F. Krauss and Sons v. C. E. Robinson,* appellant, in the chancery court of Jefferson county, Miss., alleging a partnership between F. Krauss and Sons and C. E. Robinson in the building of the bridge involved in this suit, the contract price for the building of which C. E. Robinson claimed he had assigned to F. Krauss and Sons.

The pleadings of F. Krauss and Sons (who were defendants in the instant case), mentioned above, being sworn to for F. Krauss and Sons, was material evidence for appellee, in rebutal of the proof offered by appellant of an assignment by him to F. Krauss and Sons, who were shown by said pleadings to be Robinson's partners, in the matter in which the assignment was made.

After the return of the transcript with the objections thereto to the clerk of the court below, no further compliance with chapter 145, Acts of 1920, was had, and said transcript has never been signed by the chancellor, nor agreed to by the parties, nor become part of the record as provided by law, and therefore, ought to be stricken out for the above reasons, and because the record does not now show such omitted evidence, and because appellant, in his brief, seeks to take advantage of the absence of same, saying: "There is no word of evidence in the record showing partnership."

*Truly & Truly,* for appellant.

There are at least three good reasons why this motion should be overruled: 1st. Because Mr. McKnight, although he had leave of the court so to do, failed to actually file the Krauss pleadings with the clerk or the stenographer and cannot now take advantage of his own oversight. 2nd. Because chapter 145, Acts of 1920, make it the duty of the clerk, upon receipt of suggestions of corrections, to deliver the notes and suggestions to the trial

judge for action; and if the clerk has failed to perform this duty and if said failure makes material difference in the record, then such failure can be reached in another way, but not by motion to strike out stenographer's notes. 3rd. Because said chapter 145, Acts of 1920, expressly provides that the stenographer's transcript shall not be stricken from the record for any cause where it has actually become a part of the record.

The Acts of 1920, chapter 145, require certain duties of the clerk in cases where suggestions of corrections are made. The attorneys for appellant have just examined the files in their office and they find no letter or other document referring to any suggestions of corrections. The clerk has certain plain duties to perform in such cases; the appellant has none except to promptly examine the transcript and deliver to opposing counsel.

Our contention is that the stenographer's transcript cannot be stricken from the record for any cause where it has become a part of the record, as provided by chapter 145, Laws of 1920. Section 797 d, 1921 Supplement of Hemingway's Code, being a section of chapter 145, Acts of 1920.

Argued orally by *F. H. Lotterhos,* for appellee.

Smith, C. J., delivered the opinion of the court.

This is a motion to strike the transcript of the evidence from the record made under the provisions of section 797 (d), Code of 1906 (Hemingway's Code, section 585), as the same appears in chapter 145, Laws of 1920, section 1, which provides:

"If notice as above is given to the stenographer by the appellant or his counsel within ten days after the conclusion of the terms of court, no stenographer's transcript of his notes shall be stricken from the record by the supreme court, for any reason, unless it be shown that such notes are incorrect in some material particular, and then only

in cases where such notes have never been signed by the trial judge, nor been agreed on by the parties, nor become a part of the record as provided by this act."

It appears from the transcript of the stenographer's notes that: "Complainant introduces bill of complaint in cause No. 2196—*F. Krauss & Sons* v. *C. E. Robinson et al.,* in September, 1921, term of Jefferson county chancery court, and defendant denies the allegations of the bill."

The bill of complaint does not appear in the transcript which fact is the basis of the motion to strike the transcript from the record.

The stenographer's transcript of the evidence was not approved by the trial judge nor agreed to by the parties hereto, and we will assume that it did not "become a part of the record as provided by" the statute. Nevertheless the motion must be overruled for it does not appear that the omitted evidence is material to a decision of the issue which the court below was called on to try. The recital in the record relative thereto does not disclose that it is material to the issue, and no evidence *aliunde* the record has been offered by the appellee in support of the motion. Under the statute, before a transcript of the evidence can be stricken from the record, it must be made to affirmatively appear, not only that the transcript is incorrect, but that it is incorrect "in some material particular."

What effect, if any, the absence of this evidence from the record will have when we come to the consideration of the cause on its merits, should any question relative thereto arise, is not now before us, and we express no opinion thereon.

*Motion overruled.*