Lee *et al.* v. Bassett *et al.**

(Division A. April 22, 1929.)

[121 So. 842. No. 27626.]

*Corpus Juris-Cyc References: Schools and School Districts, 35Cyc, p. 840, n. 19, p. 843, n. 36; p. 988, n. 70.

*W. J. Pack* and *Sam Whitman*, for appellants.

*Deavours & Hilbun* and *J. M. Travis*, for appellees.

McGowen, J. This proceeding first arose by bill for injunction filed by the appellant, Lee and others, against the appellee Bassett and others, trustees of the Stafford Springs consolidated school district, the county school

of Jasper county, and the board of supervisors of Jasper county, in which the appellees were enjoined from operating a consolidated school and from issuing bonds therefor.

After the bill was filed, upon which a temporary injunction was issued, there was a motion on behalf of the school authorities to dissolve the injunction, which, upon a hearing, was sustained, and the injunction dissolved. Subsequently a proceeding was instituted by the board of supervisors to validate the bonds, the issuance of which by the school district, had been authorized by an election. Upon the day set for the hearing of the validation proceedings, by the agreement of the parties, the injunction suit was set down for final hearing, and the two causes were consolidated and heard as one case, and are so presented here. On its hearing, the court below dismissed the bill and entered an order validating the bond issue, from which decree Lee and others, complainants in the court below and objectors to the validation proceeding, prosecute an appeal here.

The original proceedings in this case were instituted for the purpose of creating a line consolidated school district, which undertook to consolidate into one district, to be called the Stafford Springs consolidated school district, the Vossburg separate school district, the Pine Grove separate school district, and the Heidelberg municipal separate school district, situated in Jasper county, together with the Fairview separate school district in Clarke county, Miss. The school boards, in conjunction with the boards of supervisors of the two counties, Jasper and Clarke, undertook to put in effect the organization of this district, and to issue the bonds therefor as provided by the statute.

There are a number of objections to the validity of the organization of the district, but, in view of the conclusion we have reached, only one of these will be considered here—the fourth assignment of error. The re-

view and decision of the other questions raised are pretermitted. The fourth assignment of error is in this language:

"At the time of the attempted creation of the Stafford Springs Consolidated School District by the School board of Jasper county, the board of supervisors of Jasper and Clarke counties had not adjudicated the question that the bonded or other outstanding obligations of the school district being consolidated, had been assumed through the necessary petitions."

The attack is upon the order of the school board of Jasper county, which undertook to create this consolidated district. The pertinent part of the order of consolidation is as follows:

"It is further ordered that the petitions of a majority of the qualified electors of Stafford Springs School, addressed to the county school board and the board of supervisors assuming the outstanding bonded indebtedness of the Fairview and Pine Grove Schools be approved and ratified in every particular.

"It is further ordered that the Stafford Springs School shall have five Trustees."

The decision of the question raised involves the construction of section 109, chapter 283, Laws of 1924 (section 8744, Hemingway's 1927 Code), which is as follows:

"A county school district or separate school district having an outstanding bonded indebtedness or other obligation shall not be included in an organization or annexed to a consolidated school district unless there shall be presented to the county school board and the board of supervisors a petition signed by a majority of the qualified electors of the remaining part of the said district pledging it to an assumption of said obligation by the consolidated school district and when a consolidated school district is so formed the board of supervisors shall levy a tax on said district to carry out the terms of said obligation."

Viewing the record on its face, it will be observed that the county school board adjudicated that a majority of the qualified electors of the *Stafford Springs consolidated school district* had presented petitions agreeing to assume the indebtedness of the *Fairview* and *Pine Grove schools,* but did not conform its order to the requirement of the statute, that the petitions assuming these obligations were to be signed by a majority of the qualified electors of the *remaining part* of the district not including the Fairview and Pine Grove schools. But the board found and adjudicated that the petitioners were a majority of the entire district—that part owing the obligation, and that part not indebted. The requirement of the statute prohibits the inclusion of territory owing a debt unless a petition, or petitions, shall be filed by that part of the district, which does not owe the debt or debts, pledging it to an assumption of said obligation by the consolidated school district. The district could not be organized unless and until this was done.

As this order appears in this record, it is inescapable that the board found that the petitioners were from the Fairview and Pine Grove districts as well as the other two districts which were in no way theretofore obligated. It might be, and frequently would happen, that an effort would be attempted to consolidate a large district, having a bonded indebtedness and containing a majority of petitioners, with a smaller district owing no debt, and thus put it in the power of the majority owing the debt to fasten their obligation upon the weaker in point of voting strength. The law was carefully framed to protect the rights of such minority, and this important phase of the law was ignored by the board in its order. The jurisdiction of the board in this behalf was special and limited and of prime importance to the inhabitants of the district. This order is void and a nullity. A proper order assuming the outstanding indebtedness in this case of those districts attempted to be included in the

consolidation was a condition precedent to the final, completed organization of the district. It is fundamental and jurisdictional, and, being void, that which follows is dependent upon it for vitality. Beginning with this order to the conclusion of the order by the board of supervisors ordering the issuance of the bonds, the entire procedure is a nullity. The legislature made the finding of this fact, that the debt of a part was assumed by the remaining part of a consolidated district, essential to the jurisdiction of the county school board, and consequently this must be ascertained, adjudicated, and entered on its minutes.

It was therefore essential to the validity of the proceeding that the order of the school board show affirmatively that section 109, chapter 283, Laws of 1924, was complied with strictly in the manner provided by the statute; and the record affirmatively shows that this was not done. See *Craft* v. *De Soto County,* 79 Miss. 618, 31 So. 204; *Hinton* v. *Perry County,* 84 Miss. 546, 36 So. 567; *Bolivar County* v. *Coleman,* 71 Miss. 832, 15 So. 107; *Boutwell* v. *Board of Supervisors,* 128 Miss. 337, 91 So. 12; *King et al.* v. *Board of Supervisors,* 133 Miss. 501, 97 So. 811; *Adams* v. *Bank,* 103 Miss. 744, 60 So. 770; *Aden* v. *Board of Supervisors,* 142 Miss. 696, 107 So. 753.

The case of *King et al.* v. *Board of Supervisors, supra,* is especially applicable, and, by analogy, is controlling here.

We are of the opinion that the organization of the Stafford Springs consolidated school district is void; and, that being true, there was no authority of law for the issuance of the bonds based upon the order to which we have given attention.

We are further of the opinion that the court below erred in dissolving the injunction herein and dismissing the bill, and also in entering a decree validating the bonds herein. Let the injunction in this cause be reinstated perpetually enjoining the defendants, the appel-

lees, from proceeding under the above order with the operation of this school district and the issuance of bonds therefor; and let the decree of the chancellor validating the bonds of this district be reversed, and to this end a decree here will be entered for the appellants.

*Reversed, and decree for appellants.*

*Corpus Juris-Cyc References: Trial, 38Cyc, p. 1496, n. 93.