BOARD OF SUP'RS OF CALHOUN COUNTY *et al. v.* YOUNG *et al.*

(Division A. Feb. 24, 1930.)

[126 So. 469. No. 28437.]

**Haman & McCraine**, of Houston, for appellant.

**Creekmore & Creekmore**, of Jackson, for appellant.

**J. H. Ford**, of Houston, and **W. J. Evans**, of Calhoun City, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

The record of the board of supervisors on which they purpose to issue bonds of the Lucknuc consolidated school district was brought to the court below by means of a writ of certiorari, and it was there held that the order for issuance of the bonds was void.

Several questions are presented by the record, but it will only be necessary for us to determine one of them.

A petition was filed with the county school board, praying for the formation of the consolidated school district, setting forth the territory to be embraced therein, and that it was signed by a majority of the patrons thereof. The school board, in attempting to create the district pursuant to this petition, included in it more territory than that set forth in the petition. This additional territory, according to counsel for the appellee, included more than sixteen hundred acres, and counsel for the appellant admits that it includes one hundred and sixty acres.

The contentions of counsel for the appellant in this connection are: First, that it was unnecessary for the petition to set forth the territory proposed to be included in the district; and, second, that the petition on which the writ of certiorari was granted did not assign this fact for error. Section 100, chapter 283, Laws of 1924, Hemingway's 1927 Code, section 8735, provides that: "The county school board at any regular or at a special meeting called for that purpose, on petition of a majority of the patrons of a proposed consolidated school district may form a consolidated school district and it shall be the duty of the board to determine and to describe the boundaries thereof and to name the sections and parts of the sections composing the district and to designate the location of the schoolhouse."

While this statute does not specifically require the territory of the proposed district to be set forth in the petition, it does so require by necessary implication; and therefore a school board is without power in creating a consolidated school district to include territory therein other than that set forth in the petition therefor. Bryant v. Board of Supervisors Yalobusha Co., 133 Miss. 714, 98 So. 148.

It is true that the petition on which the writ of certiorari was issued does not assign the inclusion of this territory in the order of the board creating the district for error. It may be—but as to this we express no opinion—that the court below was not required to notice an error in the order not specified in the petition for the writ of certiorari, in which connection see Eaton v. Hattiesburg, 151 Miss. 211, 117 So. 534; Merrill Engineering Co. v. Bolton (Miss.), 119 So. 354; but it was not precluded from setting aside the order for any error apparent on the record, though not specifically assigned.

"When it is necessary to the furtherance of justice, the court (in a case brought to it on a writ of certiorari) will notice substantial error, although it is not made the

subject of objection or exception, as where it is apparent that the inferior tribunal . . . exceeds its jurisdiction." 11 C. J. 194.

There can be no difference in this respect between the practice in inferior courts and that in the supreme court, and it is well settled that the supreme court may, and in some cases should, "notice a plain error not assigned or distinctly specified." Rule No. 6 of that court, which appears in 104 Miss. 904; Griffith's Mississippi Chancery Practice, section 678; Pease v. Somers, 130 Miss. 147, 93 So. 673; Gabbert v. Wallace, 66 Miss. 618, 5 So. 394; Burke v. Shaw, 59 Miss. 443, 42 Am. Rep. 370; Vaughn v. Hudson, 59 Miss. 421.

The error in the order of the board of supervisors on which it proposes to issue bonds is so fundamental that, had the court below approved it, serious complications might hereafter arise.

Affirmed.