YARBROUGH, COUNTY SUPERINTENDENT OF EDUCATION, *et al. v.* WILSON *et al.*

(Division A. Jan. 5, 1931.)

[131 So. 228. No. 29064.]

Forrest G. Cooper, of Indianola, for appellants.

**Moody & Johnson,** of Indianola, for appellees.

Argued orally by **Forrest G. Cooper,** for appellant, and by **C. C. Moody,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellees exhibited an original bill against the county superintendent of education of Sunflower county and the trustees of the Moorhead special consolidated school district, the prayer of which is that the order of the county school board creating the Moorhead special consolidated school district be declared void and the

aforesaid defendants be enjoined from acting thereunder. The court below rendered a decree awarding the relief prayed for.

The case presented by the record is this: A petition properly signed, was presented to the school board of Sunflower county praying for the establishment of a special consolidated school district to be known as the Moorhead special consolidated school district. Within the territory included in the district is the town of Moorhead, which constituted a separate school district with an outstanding bonded indebtedness. After the filing of the petition, the Moorhead separate school district was abolished by the municipal authorities. Thereupon the special consolidated school district was established by an order of the school board in accordance with the petition therefor. The indebtedness of the Moorhead separate school district remains in full force as an obligation thereof, notwithstanding the abolition of the district by the municipal authorities. Section 121, chapter 283, Laws 1924, Hemingway's Code 1927, section 8762. No petition signed by a majority of the qualified electors of the territory proposed to be included in the Moorhead special consolidated district outside of the town of Moorhead, pledging the proposed district to the assumption of the bonded indebtedness of the Moorhead separate school district was filed with the county school board, or the board of supervisors, in accordance with the provisions of section 109, chapter 283, Laws 1924, Hemingway's Code 1927, section 8744. If that section applies here, the order of the school board creating the Moorhead special consolidated school district is void.

Special consolidated school districts were first provided for by chapter 117, Laws 1928. These districts differ from the consolidated school districts theretofore authorized in the areas thereof, the number of schools, and the number of pupils attending same. Three methods are provided by sections 3 and 4 of the statute for the crea-

tion, by county school boards, of special consolidated school districts:

(1) An existing consolidated school district, containing not less than twenty-five square miles of territory, and not fewer than two hundred fifty pupils, may be declared a special consolidated school district on petition of a majority of the school patrons of the district.

(2) Territory not less than twenty-five square miles in area, and having not fewer than two hundred fifty pupils, may be declared a separate school district on petition of a majority of the school patrons thereon.

(3) Two or more consolidated school districts, or parts thereof, may be declared a special consolidated school district, on petition of a majority of the patrons of each of the consolidated school districts, or parts thereof, provided the area of the special consolidated school district is not less than twenty-five square miles and it has not fewer than two hundred fifty pupils.

The special consolidated school district in the case at bar was created by the second of these methods.

Section 1 of the statute provides: "The county school board shall follow the same procedure in the organization of a special consolidated school district as that followed in the formation of a consolidated school district."

There is no room for the application of this provision of the statute to the first method hereinbefore set out for the creation of a special consolidated school district, and probably not to the third; but it can and does apply, with full force, to the second. Consequently, section 109, chapter 283, Laws 1924, Hemingway's Code 1927, section 8744, applies here, and, not having been complied with, the order creating the special consolidated school district is void.

Section 7, chapter 117, Laws 1928, relied on by counsel for the appellant as excluding the application here of section 109, chapter 283, Laws 1924, applies, as its language clearly indicates, only to districts created under

the third method provided therefor and set forth in section 4 of the statute. Chapter 117, Laws 1928, nowhere refers to separate school districts by name, and the only way, under the statute, to incorporate a separate school district into a special consolidated school district is by the second method hereinbefore outlined for the creation of special consolidated school districts, or by incorporating it into a consolidated school district, and then proceeding under either the first or third methods hereinbefore outlined.

Affirmed.