TISHOMINGO COUNTY SCHOOL BOARD *et al. v.* CRABB *et al.*

(Division B.  April 3, 1934.)

[154 So. 345.  No. 31224.]

**T. A. Clark,** of Iuka, for appellants.

W. C. Sweat, of Corinth, for appellees.

Argued orally by **T. A. Clark,** for appellant, and by **W. C. Sweat,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

The majority of the qualified electors of each of eight existing school districts of contiguous territory petitioned the county school board to create the Tishomingo special consolidated school district; one of the petitions being as follows: "To the County School Board of said county: As provided under section 6584, paragraph (b), Code 1930, we the undersigned, a majority of the qualified electors of Dennis Consolidated School District do hereby petition your honorable body to include the Dennis Consolidated School District in the proposed Tishomingo Special Consolidated School District. Dennis Consolidated School District is bounded as follows, to-wit (here reciting the boundaries of the Dennis district)."

Each of the other seven petitions were in the same form, naming the particular existing school district and giving its existing boundaries.

It will be noted that no description was given of the territory to be embraced in the proposed new district, and of that it was said in the petitions only that the new district was a "proposed" district. The school board took the eight separate petitions and laid them upon the map, and thereby obtained the description for the new special district by tracing the outside boundaries of the entire territory thus combined, including therein all the combined territory, no more and no less; and appellants insist that this was according to the intention and understanding of the petitioners.

The county school board having entered an order attempting to combine the contiguous territory covered by the eight separate petitions into the Tishomingo special consolidated school district, and the board of supervisors having recognized the order and levied taxes, appellees attacked the attempted creation by a suit in chancery, and prevailed before the chancellor, on the ground that there was no description in the petitions, or in any of

them, of the territory to be embraced in the proposed special consolidated district.

The controlling section of the Code, section 6584 (b), requires that petitions of this nature shall, among other things, describe the territory to be embraced in the proposed new district. As already mentioned, the only description of the new district given in the petitions is "the proposed Tishomingo Special Consolidated School District," which is no description; at most it imports a reference to a new district which has been in some manner proposed. There is no showing either in the petitions or in the entire record that the proposed description, as such, was at that time anywhere of authentic record. The reference is therefore to something which rested wholly in parol.

In every phase in which these questions, relating to the creation of new school districts, have been presented, this court has uniformly held that the proper written petition containing the material statutory recitals is jurisdictional. Yeager v. Merritt, 153 Miss. 64, 120 So. 832; Lee v. Bassett, 153 Miss. 854, 121 So. 842; Board of Sup'rs v. Young, 156 Miss. 644, 126 So. 469; Yarbrough v. Wilson, 159 Miss. 97, 131 So. 828; Gilbert v. Scarborough, 159 Miss. 679, 131 So. 876. A description of the property to be embraced in the proposed district is one of the most important elements in the petition. If this element could be omitted, or left to rest, in whole or in part, in parol, other elements could with equal reason be omitted, and the rule requiring the written petition as a jurisdictional foundation would be frittered away. It is the purpose of the law that, when a petition of this sort is presented for signature, the elector may see from the petition itself what territory is proposed to be embraced, and that this important and determinative question shall not be left open to parol and to the uncertainties and misunderstanding so often incident to parol representations.

Affirmed.