WEST POINT MOTOR CAR CO. *v.* McGHEE.

[84 South: 690.    No. 20891.]

JUSTICE OF THE PEACE.    *Suit to enforce lien on automobile is an action in rem.*

Under our statutes a suit to enforce a mechanic's lien upon an automobile is an action *in rem*, and a justice of the peace of Clay county has jurisdiction to enforce the lien, where the automobile is located within his territorial jurisdiction, although the owner of the machine may be a resident freeholder of Alcorn county.

APPEAL from the circuit court of Clay county.

H'ON. T. B. CARROLL, Judge.

Action before a justice of the peace by the West Point Motor Car Company against E. E. McGhee. Judgment against defendant and the sureties on his forthcoming bond, and he appealed to the circuit court which on motion dismissed the suit, and plaintiff appeals. Reversed and remanded.

*Critz & Critz* and *J. E. Caradine,* for appellant.

Opposing counsel relies upon Code 1906, section 2724, Hem. Code, section 2223, as construed in *Gibson* v. *Mills,* 95 Miss. 726; *Cain* v. *Simpson,* 53 Miss. 521. These authorities have no application to the case at bar. *Cain* v. *Simpson,* was a suit before a justice of the peace, and the jurisdiction was controlled by Code 1871, section 1303, correctly construed by the supreme court

in that case.   This was a simple personal action upon
an open account.   It involved no property, and con-
tained none of the elements of an action *in rem*.   Chief
Justice Simrall, in that case, said: "The policy of the
legislature seems to be that a plaintiff in personal
suits, which are not local in their character, must sue
a citizen of the state in the county of his residence."
*Cain* v. *Simpson*, 53 Miss. 524.   But this statute and
this decision have no application to any action *in rem*,
such as attachment, replevin, suits to enforce vendor's
liens upon personal property, or suits to enforce any
other statutory liens, provided for by law.

Such suits are against the property, and must be
brought where the property is found.   They are not
"personal suits," but are, of necessity, "local in their
character."   *Gibson* v. *Mills*, 95 Miss. 726, follows *Cain*
v. *Simpson*, and comes under the comments just made.
Judge Mayes, in *Gibson* v. *Mills*, quotes and follows the
precise language in *Cain* v. *Simpson*, cited by us above.
*Gibson* v. *Mills* is another "personal suit" upon an open
account "not local in character," brought before a
justice of the peace, under said Code 1906, section 2724,
Hem. Code, section 2223, which section is the same as
said section 1303 of the Code of 1871, so far as it affects
the argument in the case at bar.

*Ellison* v. *Lewis*, was a replevin suit before a justice
of the peace of Warren county for a mule in Vicksburg,
but the owner was a resident freeholder of Hinds coun-
ty.   The defendant raised the question of jurisdiction,
precisely as it is presented in this case.

In that case Judge Campbell said: "Replevin is for
a particular thing, and where the thing is found is the
proper venue of such action.   The action of replevin is
*sui generis* and governed by its own provisions as found
in the Code.   The affidavit, writ and pleadings in the
action are all provided for in the chapter applicable to
replevin.   In it there is no direction as to where the

action shall be brought. The right to the writ is given, and the terms of its issuance are prescribed, and Code 1871, section 1530, directs that the writ of replevin shall command the sheriff or other lawful officer of the proper county to take the goods. The proper county must be that in which the goods are.''

"In. *Cain* v. *Simpson,* 53 Miss. 521, we held that a freeholder or householder, resident in one county and visiting another, could not be sued in the latter county before a justice of the peace. That was a personal action for a debt.''

"But the action of replevin is different. In it the seizure of the thing gives jurisdiction. The defendant is required to be summoned, that he may contest the claim of the plaintiff to the thing seized.''

"No statute authorizes a justice of the peace to issue a summons for the defendant in the county of such justice, and a writ of replevin into another county.'' *Ellis* v. *Lewis,* 57 Miss. 589, 591. Every point made by Judge CAMPBELL as to the replevin suit applies with equal force as to the case at bar. First, the proceeding in this case is *sui generis;* second, the statute, Code 1906, sections 3075 and 3080, Hem. Code, sections 2435 and 2437, don't say where the suit is to be brought; third, this affidavit and writ of seizure are provided for, and the location of the property and the seizure thereof give jurisdiction; fourth, no statute authorizes the justice of the peace in a case like the one at bar to issue a summons for the defendant in the county of the justice and a writ of seizure to another county for the property against which the lien is claimed in a case like the one at bar.

In *Turner* v. *Libby,* an action of replevin brought before a justice of the peace, Judge CHALMERS said: "The action of replevin, being a proceeding *in rem,* must be brought either where the defendant resides or where the property is found. *Turner* v. *Libby,* 56 Miss. 578.

In an attachment case before a justice of the peace,
Judge CAMPBELL said: "In the extraordinary proceed-
ing by attachment, the right of the creditor to seize the
effects of his debtor is of paramount consideration, and
therefore, he is authorized to sue out his attachment
where such effects are, without regard to the residence
of the defendant in a particular county, " again differen-
tiating *Cain* v. *Simpson*, from an action *in rem*. *Smith* v.
*Mulhem*, 57 Miss. 593; *Barnett* v. *Jing*, 55 Miss. 100;
*Baum* v. *Burnes*, 66 Miss.. 124.

The suit at bar comes under Code 1906, section 3075
and 3080; Hem. Code, sections 2435 and 2437. The latter
section provides that the "justice of the peace in cases
before him shall issue a writ of summons and seizure,
commanding the officer to seize the property and deal
with it as in the case of an attachment for debt, and to
summon the defendant as in other cases."

This means that the suit is to be where the property
is found, as in case of an attachment.

Opposing counsel claims that this a personal action,
and not an action *in rem;* he says: "Applicant brought
a straight action against E. E. McGhee on an open ac-
count for sixty-four dollars and eighty cents and a per-
sonal judgment was rendered against him for the full
amount of the account. The plaintiff made affidavit that
E. E. McGhee was indebted to him in the sum of sixty-
four dollars and eighty cents, and McGhee was personal-
ly served with process by the sheriff."

We could not proceed in any other way. In all actions
*in rem* to enforce liens against personal property, you
must set out and prove your account and the lien, and,
after notice to the defendant, you must obtain a judg-
ment against him for the claim sued on before you can
condemn the property to be sold to pay the claim. See
authorities cited in our main brief. This is the rule in
attachments, and this is the rule in all suits to enforce

statutory liens, or any other liens whatsoever. Code 1906, section 3080, Hem. Code, section 2437, provides for the filing of your claim, your affidavit thereto, showing the lien upon the property and a summons for the defendant. Code 1906, section 3081; Hem. Code, section 2438, requires a judgment against the defendant for the debt and cost and the condemnation and sale of the property for the payment of the claim thus first established by judgment against the defendant.

*W. C. Sweat,* for appellee.

There is no dispute in this record as to the county of the residence of the appellee. The suit was brought in Clay county, and the appellee, McGhee, is a resident of Alcorn county. This was admitted by the applicant on the trial of the cause, as is shown by the record (agreed record, pp. 9-10). This being the case, there is nothing the court could do but dismiss the case. *Gibson* v. *Mills,* 95 Miss. 726; *Cain* .v. *Simpson,* 53 Miss. 521.

It is well settled in this state that a resident of the state of Mississippi must be sued in the county of his residence. When a suit is brought in the circuit court, the venue is changed on the defendant's application. Code of 1906, section 707. Hemingway's Code, sec. 786.

Where a suit is brought in the court of a justice of the peace out of the county of the residence of the defendant, there is nothing for the court to do under the statute and under the decisions of the court except to dismiss the case. Code of 1906, section 2724, Hemingway's Code, section 2223; *Gibson* v. *Mills,* and *Cain* v. *Simpson, supra.*

It is the contention of the appellee that, inasmuch as this is a suit for the enforcement of a materialmen's lien for repairs on an automobile, that the rule is different, and that the suit is properly brought in the county in

which the property is located, on which a lien is sought to be enforced, and that this is an action *in rem* and, therefore, the suit was properly brought in the county of the *situs* of the property. If the appellant is right in his contention and this were really an action *in rem,* it would not change the rule, as is shown by a reading of section 707 of the Code of 1906, section 486, of Hemingway's Code. It is there provided that all actions shall be brought in the county of the residence of the parties, except actions of trespass on land, actions for the statutory penalty for cutting and boxing trees, and firing woods, and actions for the actual value of trees cut. There are no other exceptions provided in this statute, and the decisions of our court have made no difference between personal actions and actions brought *in rem.*

Appellant brought a straight action against E. E. McGhee on an open account for sixty-four dollars and eighty cents and a personal judgment was rendered against him for the full amount of the account. The plaintiff made affidavit that E. E. McGhee was indebted to him in the sum of sixty-four dollars and eighty cents and McGhee was personally served with process by the sheriff. It will thus be seen that this is not an action *in rem,* but is an action *in personam;* and the seizure of the automobile and the request for a materialman's lien thereon is nothing more nor less than an incident of the suit.

This suit is, primarily, an action against the appellee on open account for the full amount sued for, is clearly shown by this record; and, secondarily, a suit for the enforcement of a materialman's lien on the automobile. Under the statute and the decisions of the court hereinabove referred to, there is nothing the court could do, except to dismiss the case on motion of complainant. This the court did, and did properly, and the case should be affirmed.

COOK, J., delivered the opinion of the court.

This action was instituted in the court of a justice of the peace in Clay county. The West Point Motor Car Company filed its statement of account, which consisted of items of repairs and material furnished by it and used in said repairs of a certain Saxon roadster automobile then located in West Point, Miss., within the jurisdiction of the justice of the peace. The justice of the peace issued a writ of seizure, and the sheriff of Clay county executed the writ by seizing the automobile and by personal service upon the owner of same. The owner of the automobile executed and delivered to the sheriff a forthcoming bond, and the machine was delivered to him. On the return day of the writ the defendant appeared and filed a motion to dismiss upon the grounds that he was a resident freeholder of Alcorn county, and for this reason the justice of the peace had no jurisdiction of the case. This motion was overruled. The case then proceeded to judgment against Mr. McGhee and the sureties on his bond for the full amount of the account. McGhee appealed to the circuit court. The circuit court, upon the motion of the defendant, dismissed the suit upon the ground that, the defendant being a resident freeholder of Alcorn county, the court had no jurisdiction of the case.

Section 3075, Code of 1906 (section 2435, Hemingway's Code), in the last sentence provides the remedy in this case. It appears that the Motor Car Company had parted with the possession of the machine, and, that being true, we think that sections 3080 and 3081, Code of 1906 (sections 2437 and 2438, Hemingway's Code), come into play.

The procedure adopted in this case was strictly in accordance with the terms of the statutes of the state, and the fact that the defendant was a resident freeholder of another county did not deprive the justice of

the peace of jurisdiction of the case. The procedure is provided by the statutes, and is directed against the thing, upon which the repairs were made, and, this thing being within the jurisdiction of the justice of the peace issuing the writ, the statutes came into play, and provided the machinery for the enforcement of the lien. It makes no difference whether the statutory procedure is an action *in rem* or *quasi in rem*, the result is the same.

The remedy provided for in cases of this kind is similar to the ordinary writ of attachment, the difference being that the attachment writ may be levied upon any property not exempt, while in this case a particular thing must be seized. In both cases the residence of the debtor does not affect the jurisdiction of the court.

*Reversed and remanded.*