[No. 16368. Department One. June 28, 1921.]

WALTER DeLONG, *Respondent,* v. NORTHWEST MOTOR
COMPANY, *Appellant.*[1]

PRINCIPAL AND AGENT (42, 57, 58-1)—EVIDENCE—SUFFICIENCY. In
an action against a principal for the conversion of an automobile
by its agent, a verdict against defendant was warranted by evi-
dence showing its sales agent in attempting to make a sale of one
of defendant's cars to plaintiff offered to take a car owned by plain-
tiff and credit it on the purchase price; that, though the bill of
sale for plaintiff's car was made direct to the sales agent, the car
was placed among defendant's second-hand cars, and kept there until
its disappearance; that a mechanic employed by defendant to ex-
amine cars was required to procure an order from the main office
for the delivery of the car from the second-hand department for
that purpose, which was given him by the sales agent, at the time
the only one in charge of the main office; and that there was
nothing in the evidence putting plaintiff upon inquiry or notice
that the sales agent was exceeding his authority.

Appeal from a judgment of the superior court for
King county, Allen, J., entered October 8, 1920, upon
the verdict of a jury in favor of the plaintiff, in an
action for damages for the conversion of an automobile.
Affirmed.

*Kerr, McCord & Ivey,* for appellant.

*Ogden & Clarke,* for respondent.

HOLCOMB, J.—The only errors alleged on this appeal
are that the court erred, first, in denying appellant's
motion for judgment *non obstante veredicto;* and, sec-
ond, in denying appellant's motion for a new trial. At
the conclusion of the evidence, appellant asked for a
directed verdict, which was denied.

The suit was for $1,150 damages for the conversion
of a Mitchell automobile which had been delivered to
one Doty, a sales agent of appellant, who had been in

[1]Reported in 199 Pac. 233.

the employ of the appellant from 1917 until about September, 1919, when, after one or more defalcations, he absconded.

Appellant contends that there was not sufficient evidence of the authority of Doty, as agent of the company, to enter into any such transaction as respondent made, and that the transaction was not ratified by appellant.

The facts were submitted to the jury upon instructions as to the question of agency, not excepted to by appellant, and no instructions requested by appellant other than as given by the court.

Having examined and analyzed the evidence, we conclude that the evidence was sufficient to prove the agency and authority of Doty. Doty was appellant's authorized sales agent and respondent knew him in no other capacity. He had come to the office, where respondent was employed, a great many times for the purpose of attempting to sell automobiles to persons connected with the concern. He solicited respondent to purchase an Essex car, and on being informed that respondent had a Mitchell car, agreed to take it in exchange for an Essex car and attempt to secure a credit of $1,400 for the Mitchell car. The Mitchell car was delivered to him, and, although the bill of sale was made direct to Doty, the car was taken to the place where appellant kept its used or second-hand cars about the first of July, and remained there for some time. Doty finally asserted that he could not get approval of a credit exceeding $1,150, to which respondent assented. A mechanic, who was employed by respondent to examine as to the condition of the car in a certain respect, of which information had been given respondent by Doty, was obliged to go to the main office of appellant, not to the place where it kept its second-hand cars, and procure an order to the agent

in charge of the used car department, for the delivery of the car from the place where the second-hand cars were kept, to him. He got the order, although no one was in the office at the time except Doty, who gave him the order. He took the car out to test it, and returned it to the place where appellant kept its second-hand cars. From there it disappeared some time later, probably having been sold by Doty.

The officers of appellant contend that the manner in which Doty placed the car where appellant kept its second-hand cars was irregular, not according to its usual course of business, and without any record of the transaction; but of that the respondent had no knowledge, and is not at fault. The company should have kept better check upon its agents, and upon the cars in its place of business.

Other circumstances and inferences to be derived from the evidence justified the jury in finding that Doty, although defrauding appellant, was acting as agent of appellant in this particular transaction. There was nothing in the evidence or circumstances to put respondent upon notice or inquiry that Doty was exceeding his authority in this transaction.

The judgment is affirmed.

PARKER, C. J., MACKINTOSH, BRIDGES, and FULLERTON, JJ., concur.