EATON *v.* HATTIESBURG AUTO SALES CO.*

(Division A.   June 11, 1928.)

[117 So. 534.   No. 27250.]

212

*Corpus Juris-Cyc. References: Agency, 2CJ, p. 600, n. 51; p. 932, n. 2; Appeal and Error, 3CJ, p. 1357, n. 48; p. 1386, n. 58; 4CJ, p. 1077, n. 68; p. 1305, n. 17; Venue, 40Cyc, p. 79, n. 64; On power to sell personal property in agent's possession as implied power to exchange, see annotation in 10 L. R. A. (N. S.) 1118; 21 R. C. L. 867; 3 R. C. L. Supp. 1198.

*Currie & Currie* and *D. T. Currie,* for appellant.

*Morris & Wingo,* for appellee.

216

Argued orally by *N. T. Currie,* for appellant.

Smith, C. J. This suit was begun in the county court of Forrest county by the appellee to recover a balance of five hundred dollars alleged to be due the appellee on an automobile sold by it to the appellant, and for the enforcement of a purchase-money lien on the automobile.

A judgment was rendered in the county court for the appellee, the case was then carried by the appellant to the circuit court, where the judgment of the county court was affirmed, and the appellant then brought the case to this court.

The evidence discloses that the appellant, shortly after purchasing a Dodge car, decided that she would prefer a Buick, and entered into negotiations with one of the appellee's salesmen for the purchase from it of a Buick. The evidence was to the effect that this salesman, whose name was Brannon, agreed to exchange a Buick with her for her Dodge and the payment by her of three hundred thirty dollars in cash. The Buick was afterwards delivered to her by Brannon, but he declined to

accept three hundred thirty dollars as the amount to be paid in cash by her therefor, and the appellee's manager to whom she was referred by Brannon, declined also so to do. Afterwards she had another understanding with Brannon, who, she says, agreed for her to take the Buick; that he would sell the Dodge for the best price obtainable, and she could pay the difference between that and the price of the Buick. To this she did not agree, but told Brannon the most she would pay was three hundred thirty dollars. She tendered and was willing to pay the appellee three hundred thirty dollars in settlement of the amount due it by her.

Brannon denies having agreed to exchange automobiles with the appellant on the payment by her of three hundred thirty dollars, his testimony being to the effect that in their preliminary negotiations nothing was said as to the amount in cash the appellant would have to pay, and that the final negotiations between them ended in Mrs. Eaton's agreement to exchange her Dodge for the Buick, and, in addition, to pay the appellee the sum of five hundred dollars.

When the appellant rested her case, the appellee, in rebuttal, introduced its manager, who testified over objection by the appellant that Brannon, the salesman with whom Mrs. Eaton negotiated for the purchase of the automobile, was without authority to take other automobiles in exchange for Buicks except with his (the manager's) approval.

The case was tried by the county judge without a jury.

The appellant lives in Lamar county, but the appellee's place of business is in Hattiesburg, in Forrest county. When the automobile was delivered to Mrs. Eaton, it was carried by her, or by her daughter for her, to her home in Lamar county, and there kept by her. Having occasion to go to Hattiesburg, she went in the automobile purchased from the appellee, and, while there, this suit was begun. The automobile was levied on by the

sheriff while she was in it on her way home, but still in Forrest county.

When the case came on for trial, the appellant filed a motion for the removal of the case to Lamar county under the provisions of section 707, Code 1906 (Hemingway's 1927 Code, section 500), which motion the court overruled, and committed no error in so doing. *West Point Motor Co.* v. *McGehee,* 122 Miss. 604, 84 So. 690; *Roberts* v. *Stewart Bros.* (Miss.), 103 So. 194. The appellant contends that these cases are not controlling here, for the reason that the property on which the purchase-money liens were there claimed was permanently located in the county where it was seized, and that such is not the case here. The right of a court to try a proceeding *in rem* does not depend on the time that the *res* has been in the territory over which its jurisdiction extends, but upon its seizure therein. As the evidence was conflicting, the court below committed no error in affirming the judgment of the county court thereon.

With reference to the ruling of the county court in admitting the appellee's evidence in rebuttal as to Brannon's authority to accept used automobiles in part payment of automobiles sold for the appellee by him, the appellant's contentions are: (1) that this evidence should have been introduced in chief, and not in rebuttal; and (2) that it was incompetent in any event, for the reason that to accept automobiles in part payment for automobiles sold by him was within the apparent scope of Brannon's agency, and therefore she had the right to rely thereon. This evidence was not in rebuttal, and did not become necessary until the appellant testified and gave her version of the contract made by her with Brannon for the purchase of the Buick.

The consent by one that another may sell property for him confers on such other authority to sell the property for cash only, and not to exchange it for other property. 2 C. J. 599. This rule is set forth in Am. L. Inst. Restatement, Agency (Tent. No. 3), section 316, as follows:

"A manifestation of consent by one person that another, as his agent, may make a contract to sell or a sale of personal property is, in the absence of usage or anything indicating a different meaning, interpreted as not including consent to: . . . (b) An exchange or barter; . . . or (g) a sale for a consideration; . . . (i) not payable in money."

Brannon's authority, therefore, to sell automobiles for the appellee, did not confer upon him authority to exchange them for other automobiles, and neither a special authority from the appellee to him so to do nor a general custom or usage from which such special authority could be inferred was proven. One use of the expression "apparent authority" is "to designate that class of incidental authority which is implied from the express or declared authority, and which the third person dealing with the agent may properly assume to go with the declared authority unless the contrary is made known." 2 Mechem on Agency (2 Ed.), section 721. Such, we presume, is the use here made thereof by counsel for the appellant.

Authority to exchange property is not implied from or within the apparent scope of authority to sell property. *Woodward* v. *Jewel,* 140 U. S. 253, 11 S. Ct. 784, 35 L. Ed. 481; *Kearns* v. *Nickse,* 80 Conn. 23, 66 A. 779, 10 L. R. A. (N. S.) 1118, 10 Ann. Cas. 420, and note thereto. Consequently, the evidence by the appellee that Brannon was without authority to exchange automobiles for others, while probably unnecessary, was admissible.

The appellant gave a forthcoming bond for the automobile, and the judgment of the county court awarded the appellee a recovery thereon. One of the appellant's contentions is that this judgment, the provisions of which it is not necessary to set forth, is erroneous in so far as it affects the sureties on the bond.

One of the contentions of counsel for the appellee is that this alleged defect in the judgment of the county

court should not be here considered, for the reason that it was not assigned for error in the circuit court. The only assignment of error in the circuit court which remotely refers to this alleged defect in the judgment is the seventh, which is: ''The record shows that the judgment of the court is contrary to the evidence in the case and the law in the case.'' An assignment of error should be specific enough to point out the particular error complained of, and this assignment is not only so general as not to suggest the alleged defects in the form of the judgment, but seems clearly to mean that the county court erred in rendering a judgment for the appellee. We will therefore express no opinion as to the correctness of the judgment of the county court in so far as it affects the sureties on the forthcoming bond, for the reason that errors committed in a county court not complained of in the circuit court, on appeal thereto, are waived. We express no opinion on the right of the circuit court to pass on a plain error by the county court though not embraced in the assignment of errors, for it does not appear that the circuit court did that here.

The circuit court, after affirming the judgment of the county court, instead of remanding the case to the county court for the enforcement of its judgment, as provided by section 5, chapter 131, Laws of 1926 (Hemingway's 1927 Code, section 729), rendered a judgment on the appeal bond, which included a *supersedeas,* for the recovery by the plaintiff of the amount sued for and awarded to it by the county court, with six per cent. interest thereon from the date of the county court's judgment.

The statute creating and governing the procedure in the county courts, chapter 131, Laws of 1926 (chapter 14, Hemingway's 1927 Code), does not authorize a summary judgment in the circuit court on an appeal bond which supersedes the judgment of a county court; and without express statutory authority therefor, an appellate court is without authority to render such a judgment.

4 C. J. 1305. The authority of the supreme court so to do is conferred by section 4928, Code 1906 (Hemingway's 1927 Code, section 3409). The circuit court was without power to award a summary judgment on the appeal bond, and, on affirming the judgment of the county court, should have remanded the case to that court for the enforcement of its judgment.

The judgment of the circuit court will be affirmed in so far as it affirms the judgment of the county court, but will be reversed in so far as it awards the appellee a recovery on the appeal bond; and the case will be remanded to the circuit court, with direction to remand it to the county court for the enforcement of its judgment.

*Reversed in part and remanded.*