FEDERAL CREDIT CO. *v.* ZEPERNICK GROCERY CO.*

(Division A. April 22, 1929.)

[121 So. 858. No. 27733.]

---

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 3436, p. 1306, n. 19.

For former opinion, see 121 So. 114.

*Welch & Cooper,* for appellant.

*Shannon & Schauber,* for appellee.

SMITH, C. J. Counsel for the appellee suggests that, had the circuit court affirmed this judgment, as we held in our former opinion it should have done, it should then have remanded the case to the county court for the enforcement of the judgment, and therefore this court, instead of rendering judgment here against the appellee and the sureties on its appeal bond, should have simply reversed the judgment of the circuit court and remanded the case to it, with direction to affirm the judgment of the county court and remand the case to that court for the enforcement of the judgment.

Under sections 90 and 91, Code 1906 (Hemingway's 1927 Code, sections 72 and 73), when the judgment of an inferior court is affirmed by the circuit court on being brought thereto by a writ of *certiorari,* "the same judgment shall be given as on appeals." Section 5, chapter 131, Laws of 1926 (Hemingway's 1927 Code, section 729), provides that, on an appeal from the county court to the circuit court, "if no prejudicial error be found, the matter shall be affirmed and remanded to the county court for enforcement." The statute does not authorize the circuit court, when affirming the judgment of a county court, to render a summary judgment on the appeal bond which superseded the judgment of the county court. *Eaton* v. *Hattiesburg Auto Sales Co.* (Miss.), 117 So. 534. It follows, therefore, from these two statutes, that had the circuit court affirmed this judgment of the county court, as it should have done, it should then have remanded the case to the county court for the enforcement of the judgment.

Section 4919, Code of 1906 (Hemingway's 1927 Code, section 3400), provides that, when the supreme court reverses a judgment on appeal, it ''shall render such judgment, sentence, or decree as the court below should have rendered,'' from which it necessarily follows that, after reversing the judgment of the circuit court, we should not have rendered a summary judgment on the appeal bond by which the case was carried from the county court to the circuit court, but should have rendered a judgment affirming the judgment of the county court and remanding the case to it for the execution of its judgment. Our former opinion will be corrected accordingly, and on the return of the case to the circuit court the clerk thereof will deal with it as if the judgment now rendered had been originally rendered by the circuit court; that is to say, he will carry out the order remanding it to the county court for the enforcement of its judgment. We could, of course, simply reverse the judgment of the circuit court and remand the case to it for the rendition of a new judgment (*Williams* v. *Stimpson Computing Scales Co.* [Miss.], 120 So. 174); but the statute last hereinbefore cited renders this unnecessary, for the judgment now rendered thereunder is, to all intents and purposes, the judgment of the circuit court.

*So ordered.*