LEE v. DIXIE MOTOR SALES Co., INC.

(Division A. Nov. 18, 1929.)

[124 So. 487. No. 28109.]

**R. R. Hardy,** of Jackson, for appellant.

**Bratton, Bratton & Dailey,** of Jackson, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, Dixie Motor Sales Company, instituted suit in the county court of Hinds county against the appellant, Mrs. Mattie C. Lee, seeking to recover the amount of the principal, interest, and attorney's fees alleged to be due on three promissory notes executed by the appellant in part payment of the purchase price of a Dodge automobile sold by the appellee to appellant. To the declaration the appellant interposed a plea of the general issue and gave notice thereunder that she would offer evidence to show that when she purchased the Dodge automobile in question and executed notes for a balance of the purchase price thereof, she delivered to appellee, in trade, one Willis-Overland car of the value of three hundred fifty dollars, which sum it promised to credit on the notes executed by her; that appellee sold the said Willis-Overland car and failed to give her credit for the value thereof, which was three hundred fifty

dollars, and consequently was due her the difference between two hundred ninety-eight dollars and twenty-nine cents, the balance of the principal and interest of the notes sued on, and three hundred fifty dollars, the value of the Willis-Overland car so delivered to appellee. She also filed a special plea alleging that she was fraudulently induced to sign and deliver the notes sued on by reason of the promise and undertakings of the appellee to receive and sell her autbmobile, and to credit the proceeds of such sale on her notes, to an amount of not less than three hundred fifty dollars, and that the appellee received and sold her said automobile, and had fraudulently converted the proceeds of such sale to its own use, and had wholly failed and refused to credit the indebtedness of appellee with the said sum or any part thereof.

Upon the trial of the cause in the county court, the jury was peremptorily instructed to return a verdict for the appellee for the amount of the principal and interest due on the notes sued on, together with reasonable attorney's fees, as shown by the evidence, unless they believed from the evidence that the appellant was entitled to a credit of fifty dollars on the notes, about which item the evidence was conflicting. The jury allowed the appellee credit for this disputed item of fifty dollars and returned a verdict for two hundred sixty dollars and thirty-seven cents, with an attorney's fee of fifty dollars; and from the judgment entered on this verdict, an appeal was prosecuted to the circuit court. The circuit court affirmed the judgment of the county court in all respects, and thereupon an appeal was prosecuted to this court.

The evidence shows that a salesman of the appellee company sold the appellant a new Dodge automobile for which she paid five hundred dollars, cash, and executed a series of ten notes for the remainder of the purchase

price; that she delivered to this salesman a Willis-Overland automobile then owned by her; and she testified that this salesman promised her that appellee would accept this secondhand automobile and give her a credit of three hundred fifty dollars on the notes executed by her. The evidence shows without dispute that the appellant had no dealings with any one connected with the appellee.company except the salesman who sold her the car; that she had no knowledge or information in reference to this salesman's authority to trade or exchange automobiles; and that she made no inquiry whatever as to the extent of the authority of the salesman. The proof is positive and uncontradicted that the appellee's salesman only had authority to sell automobiles and receive the full purchase price therefor, and that he had no authority whatever to exchange automobiles or to appraise and accept used automobiles as part of the purchase price of new cars, and that the only persons connected with the appellee company who had such authority were its secretary-treasurer and manager, and its sales manager.

In the case of Eaton v. Hattiesburg Auto Sales Co., 151 Miss. 211, 117 So. 534, 536, it was held that "authority to exchange property is not implied from or within the apparent scope of authority to sell property," and that a salesman's authority to sell automobiles for the owner does not confer on him authority to exchange them for other automobiles, in the absence of proof of special authority so to do or a general custom or usage from which such special authority can be inferred. In the case at bar, there was no proof of any custom or usage from which the authority to exchange automobiles could be inferred, and the proof is positive and uncontradicted that the appellee's salesman had no such authority.

The appellant contends, however, that there was evidence tending to show that the appellee ratified the acts

of its salesman who received and sold the used car, and therefore the court erred in refusing to submit to the jury the question of whether or not there had been a ratification of the acts of this salesman. We are of the opinion that there is no evidence in this record to support a finding by the jury that the appellee ratified the acts of its salesman in receiving and disposing of appellant's automobile, and therefore the court below committed no error in granting the instruction requested by the appellee.

The judgment of the court below will therefore be affirmed.

Affirmed.