No. 3597

Second Circuit

SALLEY v. JONES MOTOR CO., INC.

(December 31, 1929. Opinion and Decree.)

Hudson, Potts, Bernstein & Sholars, of Monroe, attorneys for plaintiff, appellee.

Theus, Grisham, Davis & Leigh, of Monroe, attorneys for defendant, appellant.

WEBB, J. Defendant is a dealer in motor trucks, its place of business being located in the city of Monroe, and one of its salesmen or solicitors entered into a contract with plaintiff to sell him a new truck of the make handled by defendant, and to accept a used truck and trailer at a valuation of $300 as a credit on the price of the new truck.

The agreement was verbal, and the record does not show when the new truck was to be delivered, it appears, however, that the agreement was not made at defendant's place of business, and that the new truck was to be delivered at a future date, but the used truck and trailer were to be delivered immediately, as the record shows that the used truck and trailer were delivered to the salesman at defendants' place of business several weeks prior to the time plaintiff called for the new truck, and that the used truck and trailer had in the meantime been disposed of by the salesman, who did not advise defendant of any of the transactions.

When plaintiff called for the new truck on which he was to pay the difference between the price agreed upon and the valuation placed on the used truck and trailer, he was advised that defendant did not know anything of the transaction he had with its salesman, and that the salesman did not have authority to make the contract, and defendant refused to recog-

nize the contract or account for the used truck and trailer.

Plaintiff then instituted the present action, in which he obtained judgment against defendant in the sum of $300, with legal interest from judicial demand, from which defendant appeals.

The basis of plaintiff's action appears to be that in the motor truck business it is usual and customary to accept in part payment of the price of motortrucks sold, other motor trucks at an agreed valuation; and that he had dealt with the salesman in the usual course of the business, and had delivered the used truck and trailer to the salesman, and that defendant is liable either in damages for the breach of the contract or the value of the used truck and trailer which were delivered to the salesman and disposed of by him.

It is conceded that as a general rule the principal is not bound by the acts of the agent further than the principal has authorized the agent to bind him (articles 3010, 3021, Civ. Code), and it must also be conceded that authorization to sell property does not include authorization to give it in exchange (Troplong, Mandate, No. 265; R. C. L., Principal and Agent, vol. 21, p. 867; Eaton vs. Hattiesburg Auto Sales Co., 151 Miss. 211, 117 So. 534; Benjamin, Sales, p. 728), and appellant urges that the evidence establishing that the salesman with whom plaintiff dealt was without authority to contract, as he did, with plaintiff, defendant cannot be held liable; or, in other words, that the evidence shows that the person with whom plaintiff contracted was a mere salesman or one having authority only to sell, he was not authorized to contract to give the principal's property in exchange, and that the contract was not enforceable.

We are of the opinion that, if the question related solely to the validity or binding effect of the contract, and the action was to enforce specific performance, the fact that the agent was without authority to enter into the contract would be controlling, or, in other words, if plaintiff, acting under the contract, was tendering or offering to deliver possession of the used truck and trailer, at the valuation agreed upon at the time of the contract, and the balance of the price of the new truck, and demanding that defendant deliver to him the new truck, defendant could not be forced to comply, nor could plaintiff claim damages should defendant refuse.

However, where the consideration of the contract has passed into the possession of the agent, who has appropriated it to his own use, and the person dealing with the agent was in good faith, and without knowledge of the lack of authority of the agent to contract, and will sustain a loss unless the principal is held bound under the contract or for the action of the agent, it may be that the innocent person dealing with the agent should be protected, which is, as we understand, the position of the appellee, or that the exception to the general rule, that the principal is bound by the acts of his agent, although the agent exceeded his actual authority, where it appears that the act of the agent was within the scope of his implied or apparent authority, should be applied.

As we understand, the question of whether or not an agent has implied or apparent authority is one of fact, and the right of one, who has dealt with an agent, to urge that the agent was acting within the scope of his apparent authority, is dependent upon whether or not he had previously dealt with the agent, or that the agent had previously dealt with other persons, in such manner that he was warranted in assuming that the agent had authority. The evidence

does not show that plaintiff had had any previous transactions with the salesman, or that the salesman had previously dealt with other persons, and we do not think plaintiff was warranted in assuming that the salesman had the authority to contract with him, and we do not think that the question of whether or not it was the custom or usage in the motortruck business to accept other trucks at an agreed valuation in part payment of the price of trucks sold would affect the question, and if plaintiff can recover it must be on the ground that the agent had implied authority.

"Implied authority" is that which flows from the fact that one has been charged with the management of some particular business or property in which, considering the nature of the duty with which the agent is charged, the agent has implied authority to bind his principal with relation to matters necessary to effect the purposes of his agency; but conceding that the evidence established that in the motortruck business it is usual and customary to accept other motortrucks at an agreed valuation in part payment of the price of motortrucks sold, it is not suggested, and there is not any evidence indicating, that the salesman with whom plaintiff dealt was in charge of defendant's business, and the evidence establishing that it is not the custom or usage in the motortruck business for the dealers to permit their salesmen to accept other motortrucks at an agreed valuation in part payment of the price of motortrucks sold by them, we are of the opinion, even conceding that the evidence established the custom or usage, that plaintiff failed to establish that the salesman with whom he dealt had implied authority to contract as he did with plaintiff.

Aside from the failure of plaintiff to show that the salesman with whom he dealt had either apparent or implied authority to contract with him, it appears that the sale was executory, and a custom or usage of the dealers in motortrucks to accept other motortrucks at an agreed valuation · in part payment of the price of motortrucks sold (which was the most the evidence established) does not show that it was the custom, even with the dealers, who have the right to dispose of their property as they please, to accept other motortrucks at an agreed valuation to be applied on the price of motortrucks contracted to be sold by them, and we are of the opinion the transaction had by plaintiff with the salesman appears to have been rather unusual, even though it be granted that, in the motortruck business, it is the custom and usage to accept other motortrucks at an agreed valuation in part payment of motortrucks sold.

We are therefore of the opinion that the evidence does not establish that plaintiff had any right to claim damages for a breach of the contract, and although the evidence showing that the salesman was not authorized to contract with plaintiff may be said to tend to show that the salesman was authorized to take possession of the used truck and trailer, and one decision is cited from another jurisdiction in which it appears to have been held that the principal was liable for the value of property thus taken and disposed of by the salesman (De Long vs. Northwest Motor Co., 116 Wash. 220, 199 P. 233), we do not think that the evidence established that the salesman was authorized to take possession of the used truck and trailer belonging to plaintiff, or the value of such property, and plaintiff cannot recover as against the defendant on that theory.

It is therefore ordered that the judgment appealed from be avoided and reversed, and it is now ordered that plaintiff's demands be rejected at his cost.